## CIRCUIT COURT OF FAIRFAX COUNTY

Village Square Association

  v.

Robert Keenan

August 12, 1975

Case No. (Chancery) 45914

By JUDGE CHARLES H. DUFF

At issue at this stage of Complainant's Bill for an Injunction is the Respondent's request for a continuance of the presently set trial date of August 25, 1975, and his demand for a trial by jury. The latter motion is grounded on Section 8-213, Code of Virginia and furthermore on his Counterclaim for damages.

For reasons advanced at argument the motion for continuance is granted; the Order hereinafter mentioned should so provide.

Code Section 8-213 apparently first appeared in substantially the same form in the Code of 1819. See Ch. 66, Sec. 97. A "plea" in equity is not tantamount to an "answer." As stated in 1 Hogg's Equity Procedure, Sec. 403 - "Distinction between plea and answer."

> A plea is in the nature of a special answer, generally resting a defense to the bill upon some particular matter, as the statute of frauds, statute of limitations, former adjudication, stated account and the like, but making no further answer to the bill.

Familiar illustrations of the use of the plea which would raise one single fact dispositive of the case would be: Statute of Limitations, res judicata, usury, release,

infancy, denial of an essential jurisdictional fact, etc. The latter illustration of use of the plea in equity was involved in *Towson* v. *Towson*, 126 Va. 640 (1920), where the wife filed two pleas to the jurisdiction of the Court, denying the husband's allegations of domicile and residence. If sustained, the pleas would be dispositive of the matter, and the trial Court was correct in impaneling a jury to determine the issue. Justice Burks, writing for the Supreme Court of Appeals traces the history of equitable pleas and the etiology of the present Code Section. It should be noted that the issue arose on the jurisdictional plea, not on an Answer or other denial of the merits of the case.

In the case at Bar, the respondent's pleading not only is designated an "Answer" but its terms clearly deny the merits of the Complainant's Bill. As such it is not a "Plea" so as to entitle Respondent to a jury trial.

With respect to the Counterclaim affording the basis for a jury trial, the law is well settled that the relief sought in a cross-bill, if affirmative, and not merely for defensive purposes, must be equitable in nature and must contain all the essential allegations showing a right to equitable relief. The cross-bill (denominated counterclaim) at bar seeks monetary damages and as such does not support the demand for a jury trial in this equity proceeding.