PRESENT:  Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and Agee, JJ., and Stephenson, S.J.

JAY TRONFELD

                                              OPINION BY
v. Record No. 052635              JUSTICE G. STEVEN AGEE
                                            November 3, 2006
NATIONWIDE MUTUAL INSURANCE
COMPANY, ET AL.


              FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                        Pamela S. Baskervill, Judge

     Jay Tronfeld appeals from the judgment of the Circuit Court of the City of Petersburg sustaining a demurrer on behalf of the defendants, Nationwide Mutual Insurance Company ("Nationwide") and Todd Schmitt (collectively, the "Defendants").  On appeal, Tronfeld asserts the trial court erred in finding that the alleged statements were opinion and thus not actionable under Virginia law as defamation per se.  For the reasons set forth below, we will reverse the judgment of the trial court.

              I. BACKGROUND AND MATERIAL PROCEEDINGS BELOW

     Nationwide employed Schmitt as an insurance adjuster.  In February 2005, Schmitt, acting within the scope of his employment with Nationwide, met with Donald Spellman to discuss an injury that Spellman sustained from an accident with an insured of Nationwide.  During this meeting, Schmitt and Spellman discussed settlement of the personal injury claim and whether the settlement could be completed without the intervention of an attorney.

During the meeting, they discussed the possible selection of an attorney to serve as counsel for Spellman in his claim against Nationwide. In response to Spellman selecting Tronfeld as his counsel, Schmitt made these statements ("Schmitt's statements"):

(1) That Jay Tronfeld just takes peoples' money.

(2) That clients of Jay Tronfeld would receive more money [for their claims] if they had not hired Jay and had dealt with the adjuster [directly].[1]

At the time of the alleged statements, Tronfeld actively engaged in the practice of law and operated the law firm Jay Tronfeld & Associates. Tronfeld's law practice primarily involved the representation of private individuals in personal injury matters, and his firm used extensive marketing through print, radio and television to attract clients.

Tronfeld filed an amended motion for judgment in the Circuit Court of the City of Petersburg, alleging that the statements made by Schmitt were defamation per se because the statements impute "Tronfeld as unfit to perform the duties of his employment" and that he "lacks integrity and is dishonest in performing the duties of his employment." As a consequence, Tronfeld alleges he was prejudiced "in his work and chosen

_____

[1] Tronfeld concedes on appeal that a third statement by Schmitt, "that Jay Tronfeld was no good," is a statement of opinion and thus not actionable in a cause of action for defamation. Therefore, this statement is not at issue in this appeal and we do not consider it.

2

profession" as an attorney.  The Defendants filed a demurrer, contending Schmitt's statements were expressions of opinion and therefore could not be the basis for a cause of action for defamation.

In a hearing on the demurrer, the trial court ruled from the bench that Schmitt's statements were "expressions of opinion" and that the demurrer should be sustained.  On November 15, 2005, the trial court entered a final order sustaining the demurrer.  We awarded Tronfeld this appeal.

## II. ANALYSIS

The purpose of a demurrer is to determine whether a motion for judgment states a cause of action upon which the requested relief may be granted.  Welding, Inc. v. Bland County Service Authority, 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001).  "A demurrer admits the truth of all properly pleaded material facts.  'All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading.' "  Ward's Equipment, Inc. v. New Holland N. America, Inc., 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997) (quoting Fox v. Custis, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988)).

A demurrer does not admit the correctness of the conclusions of law found in the challenged pleading.  Ward's Equipment, Inc., 254 Va. at 382, 493 S.E.2d at 518.  On appeal, a plaintiff attacking a trial court's judgment sustaining a

3

demurrer need show only that the court erred, not that the plaintiff would have prevailed on the merits of the case. Thompson v. Skate America, Inc., 261 Va. 121, 128, 540 S.E.2d 123, 127 (2001).

Historically, a cause of action for defamation has been viewed as the means to protect a basic right because "the individual's right to personal security includes his uninterrupted entitlement to enjoyment of his reputation." Jordan v. Kollman, 269 Va. 569, 575, 612 S.E.2d 203, 206 (2005) (quoting The Gazette, Inc. v. Harris, 229 Va. 1, 7, 325 S.E.2d 713, 720 (1985)). At common law, defamatory words that are actionable per se are:

> (1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished.
>
> (2) Those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society.
>
> (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment.
>
> (4) Those which prejudice such person in his or her profession or trade.

Fleming v. Moore, 221 Va. 884, 889, 275 S.E.2d 632, 635 (1981); see also Great Coastal Express, Inc. v. Ellington, 230 Va. 142, 146-47, 334 S.E.2d 846, 849 (1985) (setting out the common law

4

standard for defamation per se); Shupe v. Rose's Stores, Inc., 213 Va. 374, 376, 192 S.E.2d 766, 767 (1972) (identifying words at common law which are actionable per se).  A person maligned by defamation per se may recover compensatory damages for injury to reputation, humiliation, and embarrassment without demonstrating any financial loss.  Great Coastal Express, 230 Va. at 151, 334 S.E.2d at 852.

Unless Schmitt's statements are opinion, they are sufficient to sustain a cause of action for defamation per se because the statements prejudice Tronfeld in his profession as an attorney at law.  To state that an attorney "just takes people's money" and that an attorney's clients receive less for their claims because of the attorney's services implies a combination of dishonesty, incompetence or the crimes of larceny by trick or obtaining money by false pretenses.  See, e.g., Code § 18.2-178.  As such, Schmitt's statements "impute to [Tronfeld] the commission of some criminal offense involving moral turpitude," and "impute to [Tronfeld] unfitness to perform the duties of . . . employment . . . or want of integrity in the discharge of the duties of such . . . employment."  Fleming, 221 Va. at 889, 275 S.E.2d at 635.  Such statements damage an attorney's standing to engage in his or her chosen profession and carry the connotation that he or she lacks the integrity and fitness to practice law.  The dispositive issue is thus whether

Schmitt's statements are opinion or contain a provably false connotation.

Speech that does not contain a provably false factual connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person, are not actionable. Yeagle v. Collegiate Times, 255 Va. 293, 295, 497 S.E.2d 136, 137 (1998); see also Milkovich v. Lorain Journal Co., 497 U.S. 1, 16-17, 20 (1990). Statements that are relative in nature and depend largely upon the speaker's viewpoint are expressions of opinion. Jordan, 269 Va. at 576, 612 S.E.2d at 206; see also Chaves v. Johnson, 230 Va. 112, 119, 335 S.E.2d 97, 101 (1985). Whether an alleged defamatory statement is one of fact or opinion is a question of law and is, therefore, properly decided by the court instead of a jury. Fuste v. Riverside Healthcare Ass'n, 265 Va. 127, 132-33, 575 S.E.2d 858, 861 (2003). Although a defamatory statement may be inferred, a court may not "extend the meaning of the words used beyond their ordinary and common acceptance." Perk v. Vector Resources Group, 253 Va. 310, 316, 485 S.E.2d 140, 144 (1997).

On appeal, Tronfeld asserts that the trial court erred in finding that Schmitt's statements were merely opinions and therefore not actionable as defamation per se. Tronfeld contends the statements are not opinion because evidence could be presented at trial that Tronfeld is competent in his

6

profession, that claimants did receive more money after hiring Tronfeld as opposed to what the insurance company offered, and that Tronfeld's clients receive a measurable value for his services in return for the fee he receives. Collectively or separately, Tronfeld argues Schmitt's statements are provably false.

Citing our decisions in Chaves and Fuste, the Defendants respond that the trial court correctly found the alleged statements to be expressions of opinion and thus not actionable. They argue that Schmitt's comments cannot be proven true or false and depended on Schmitt's personal viewpoint for meaning. We agree with Tronfeld.

In Chaves, an architect brought a defamation claim in response to statements in a letter written by a competitor that the architect had "no prior experience" and was charging "over 50% more than what could be considered a reasonable fee." 230 Va. at 115, 335 S.E.2d at 99. This Court concluded that words characterizing a professional as "inexperienced" do not impute unfitness in the discharge of his professional duties. We also held that the competitor's statements that the architect was charging more than a reasonable fee were insufficient as a matter of law to state a cause of action for defamation because it was a statement of opinion and "statements by competitors

7

that they can undersell others fall on prospective customers' ears like repetitive drumbeats." Id. at 119, 335 S.E.2d at 101.

In Fuste, the defendant's employees stated the two plaintiff doctors had "abandoned their patients," and that there were "concerns about their competence." 265 Va. at 130, 575 S.E.2d at 860. In rejecting the trial court's sustaining of a demurrer, we held the statements that the doctors had "abandoned" their patients and that there were "concerns about their competence" not only prejudiced the doctors in the practice of their profession but also contained "a provably false factual connotation." Id. at 133, 575 S.E.2d at 861.

With these cases as a background, we conclude that, whether considered individually or together, Schmitt's statements "are capable of being proven true or false" and thus are actionable in defamation. Chaves, 230 Va. at 118, 335 S.E.2d at 101. The statement "[t]hat Jay Tronfeld just takes people's money" is capable of disproof by evidence, if adduced, that Tronfeld's clients received monetary or other relief as a result of his legal services. It would not be a matter of opinion that Tronfeld takes a client's money without rendering a service of value in return if Tronfeld, for example, produced evidence of a settlement or judgment he obtained for that client.

Schmitt's other statement, "that clients of Jay Tronfeld would receive more money [for their claims] if they had not

8

hired Jay and had dealt with the adjuster [directly]," could similarly be proven false. The statement would not be opinion if the evidence showed a settlement or judgment Tronfeld obtained for a client which exceeded the offer made by an insurance company to the client prior to the retention of Tronfeld as his or her legal counsel.

In this regard, Schmitt's statements, whether considered separately or together, are analogous to the defendant's statements in Fuste, that the plaintiff physicians had "abandoned" their patients. We held that statement was not opinion, but "capable of being proven true or false," and thus actionable in a claim for defamation per se. Fuste, 265 Va. at 133, 575 S.E.2d at 862. Schmitt's statements in the case at bar present a clear, if not clearer, case for proof as a matter of fact than the statements in Fuste.

Contrary to the Defendants' claim, the case at bar is not controlled by Chaves. The statement at issue in Chaves, that the plaintiff charged more than a reasonable fee, was of necessity a statement of opinion because it was based solely on a speaker's viewpoint of what "reasonable" would be. 230 Va. at 119, 335 S.E.2d at 101. Thus, the statement was not capable of being proved true or false, unlike Schmitt's statements. Yeagle, 255 Va. at 295, 497 S.E.2d at 137. See Fuste, 265 Va. at 133, 575 S.E.2d at 862.

9

III. CONCLUSION

For these reasons, the trial court erred in sustaining the demurrer of the Defendants because Schmitt's statements are capable of "a provably false factual connotation" and are thus not opinion. Yeagle, 255 Va. at 295, 497 S.E.2d at 137; accord Fuste, 265 Va. at 133, 575 S.E.2d at 562; WJLA-TV v. Levin, 264 Va. 140, 156, 564 S.E.2d 383, 392 (2002). As Schmitt's statements could prejudice Tronfeld in his profession, those statements do support a cause of action for defamation per se under Virginia law. Accordingly, we will reverse the judgment of the trial court and will remand the case for further proceedings consistent with this opinion.

Reversed and remanded.