# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

John C. Holland, Jr.,
and John C. Holland
Enterprises, Inc.

v.

John S. Hadfield
and Southeastern
Public Service
Authority of Virginia

October 29, 2007

Case No. CL07-457

BY JUDGE RANDALL D. SMITH

This matter was before the Court on August 1, 2007, on Defendants' Demurrer and Special Plea of Sovereign Immunity. Prior to the commencement of arguments, Defendants conceded that they were not protected by sovereign immunity and withdrew the special plea. Counsel argued the remaining issues of the defendant's demurrer: (1) whether the plaintiff has adequately pleaded an action for defamation; and if so, (2) whether Defendant John Hadfield is protected by a qualified privilege given his status as the Director of the Southeastern Public Service Authority of Virginia ("SPSA") and that the statements were made during a board meeting. The Court heard arguments from counsel and was presented with case law on the issues. The Court took the matter under advisement. After careful review of the case law and consideration of the arguments of counsel, the Court stands ready to make a decision.

*Facts*

Plaintiff John C. Holland, Jr., ("Holland") is the President of Plaintiff John C. Holland Enterprises, Inc. ("Enterprises"). Enterprises owns and operates a Construction, Demolition, Debris and Industrial Waste ("CDD") landfill in Suffolk, Virginia. Plaintiffs allege that they follow all federal and state environmental regulations. Plaintiff Holland is a founding investor and one of two managing partners of the Great Dismal Swamp RestorationBank, L.L.C. ("RestorationBank"). The RestorationBank consists of 10,000 acres of farmland, swamp, and forest in southeast Virginia and northeast North Carolina. The RestorationBank is responsible for assuring the success of the debited restoration, creation, enhancement, and preservation activities at the RestorationBank. Plaintiff Holland is responsible for obtaining funds necessary to assure the success of the RestorationBank. Plaintiffs argue that the Defendant Hadfield's defamatory words are *per se* defamatory as they put Plaintiff Holland's profession and business in the wetlands banking area at risk because "it is important that no shadow be placed on Holland's environmental reputation in order for Holland to obtain the necessary financing for the operation of RestorationBank."

Hadfield is the Executive Director of SPSA. SPSA is an authority created and operated pursuant to Virginia's Water and Waste Act, Va. Code Ann. § 15.2-5100, *et seq.*, 1950, as amended, or its predecessor statutes. Former Title 15.1 created SPSA, which is comprised of the cities of Chesapeake, Franklin, Norfolk, Portsmouth, Suffolk, and Virginia Beach and the counties of Isle of Wight and Southampton. SPSA was created to provide certain public services, including the disposal of waste in an environmentally sensitive manner.

Plaintiffs allege that on November 29, 2006, at a SPSA Board of Directors meeting, Defendant Hadfield, in response to SPSA receiving an "Outstanding Achievement" award from "Businesses for the Bay," stated the following:

> Our customers in Proprietary Waste come to us because of our environmental record; they do not go to our nearby competitors. You will not find our proprietary waste customers going to Waste Management, to the John Holland's of the world; they come to SPSA. We made about two million dollars last year in that program, and we made that because of the kind of environmental integrity, the environmental track record that we have been able to demonstrate.

Plaintiff's argue that Defendant Hadfield knew these words would be transcribed in the minutes and made public on the Internet and are defamatory *per se*. Furthermore, Plaintiffs allege that Defendant Hadfield used a topic of no relevance to defame the plaintiffs in their profession and trade. The topic is of no relevance, it is argued, because Holland does not run the same type of operation as SPSA. The award for which SPSA was presented was for its Waste to Energy program, a program for which Holland cannot operate because he does not have an incinerator capable of handling such waste. In the complaint, plaintiffs have alleged six unfavorable inferences that may be drawn from Hadfield's statements that injure Holland's profession.

On demurrer, the Court must determine whether the facts alleged in the complaint and all reasonable inferences therefrom if true state a cause of action. *See CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993).

### Qualified Privilege

"The principle of qualified privilege protects a communication from allegations of defamation if made in good faith to and by persons who have corresponding duties or interests in the subject of the communication." *Government Micro Resources, Inc. v. Jackson*, 271 Va. 29, 624 S.E.2d 63 (2006), *citing Smalls v. Wright*, 241 Va. 52, 54, 399 S.E.2d 805, 207 (1991). The Supreme Court of Virginia has held that the qualified privilege may be defeated by proof that "the defamatory statements were made maliciously." *Fuste*, 265 Va. at 134, 575 S.E.2d at 863, *citing Larimore v. Baylock*, 259 Va. 568, 572, 528 S.E.2d 119, 121 (2000).

Plaintiff alleges in paragraph 51 that the statements were made with "evil motives and ill will and with actual malice." The Court finds that Plaintiff has alleged facts, which, if true, would support a claim of actual malice. The Court therefore overrules the demurrer as it addresses qualified privilege.

### Defamation

A cause of action for defamation has historically been viewed as a means of protecting an individual's right to the enjoyment of personal reputation. *Tronfeld v. Nationwide Mutual Ins. Co.*, 272 Va. 709, 713, 636 S.E.2d 447, 449 (2006), *citing Jordan v. Kollman*, 269 Va. 569, 575, 612 S.E.2d 203, 206 (2005). At common law words "which impute to a person

unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment [and which] prejudice such person in his or her profession or trade" are actionable as per se defamation. *Tronfeld*, 272 Va. at 713, 636 S.E.2d at 449, *citing Fleming v. Moore*, 221 Va. 884, 889, 275 S.E.2d 632, 635 (1981). A defamatory statement may be made "by inference, implication, or insinuation." *Fuste v. Riverside Healthcare Assoc., Inc.*, 265 Va. 127, 132, 575 S.E.2d 858, 861 (2003), *citing Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 7, 82 S.E.2d 588, 592 (1954). "However, 'pure expressions of opinion,' not amounting to 'fighting words,' are protected by the First Amendment of the Constitution of the United States and Article 1, § 12, of the Constitution of Virginia. *Id., citing Chaves v. Johnson*, 230 Va. 112, 119, 335 S.E.2d 97, 101-02 (1985). Expressions of opinion have been defined to be those statements that are "relative in nature and depend largely upon the speaker's viewpoint." *Id.* "Speech that does not contain a provably false factual connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person, are not actionable." *Tronfeld*, 272 Va. at 714, 636 S.E.2d at 450, *citing, Yeagle v. Collegiate Times*, 255 Va. 293, 295, 497 S.E.2d 136, 137 (1998). Finally, while the defamatory nature of words may be inferred, a court may not "extend the meaning of words used beyond their ordinary and common acceptance." *Id., citing Perk v. Vector Resources Group*, 253 Va. 310, 316, 485 S.E.2d 140, 144 (1997). Whether an alleged defamatory statement is a statement of fact or opinion is a question of law to be determined by the court. *Chaves v. Johnson*, 230 Va. 112, 119, 335 S.E.2d 97, 102 (1985).

The Court finds that the statements attributable to the Defendant Hadfield and alleged in the Complaint to be defamatory are expressions of opinion because they cannot reasonably be interpreted as stating actual facts about a person and, therefore, cannot as a matter of law support a cause of action for defamation. The Court orders that the Defendants' demurrer is sustained on this issue.