# CIRCUIT COURT OF THE CITY OF RICHMOND

Jack Borgenicht
and Paul C. Jost

    v.

Thomas K. Norment
and Linda M. Wall

August 19, 2008

Case No. CL03R-2492

BY JUDGE MELVIN R. HUGHES, JR.

This defamation lawsuit is before the court on defendant Thomas Norment's demurrer and motion to dismiss for misjoinder.

The case arises out of a Republican Party primary election which occurred in the Spring of 2003, wherein Norment and plaintiff, Jost, were candidates for the nomination for the Virginia Senate. At issue are various statements made in campaign literature and in the news media. The statements and one of the grounds for demurrer are summarized in Norment's memorandum of law as follows:

> the statements complained of fall into four general categories: "taking money from children," bankruptcy, failure to pay debts, and bribery. Plaintiff's Amended Complaint admits the truth of three of the four statements complained of. It admits that Mr. Jost made an offer of $50,000.00 in campaign assistance to Wall; that one of Jost's companies, Southern Oaks Condominium Partners, Ltd., went into bankruptcy; and that

there was a lawsuit brought against Mr. Jost and Mr. Borgenicht by the parents of two minors in Texas. . . . The fourth statement is also true: In 1986, The Alexandria Circuit Court entered judgment in favor of First American Bank of Virginia against European Autocars, Ltd., Paul Jost, and Henry Jost. . . . This debt was not paid off until 1996, ten years later. . . .

Thus, Norment contends, since the allegations regarding the statements are admitted, the Amended Complaint fails to assert a cause of action. Norment also contends that the statements are opinion, thus not actionable, are rhetorical hyperbole, do not raise defamation by implication, provide no nexus between their content and Jost's occupation, are privileged, and the allegations do not establish *New York Times* actual malice. The Amended Complaint in paragraph 37 alleges there is no absolute or qualified privilege.

The pleadings before the court consist of the Complaint and a number of attachments made a part thereof. The attachments consist of campaign literature and newspaper articles in which the alleged defamatory remarks are made. These are considered along with the facts alleged "as amplified" by the various writings. *Ward's Equipment v. New Holland North America*, 254 Va. 379, 493 S.E.2d 516 (1997).

At this stage of the proceedings, the court must on demurrer follow the well known principle. "A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717 (1988).

The court agrees with plaintiff. While the Amended Complaint admits the publications as stated, defamation can be made when aided by innuendo, inference, or insinuation. *Carwile v. Richmond Newspapers*, 196 Va. 1, 82 S.E.2d 588 (1954). In addition, statements consisting of matters which are provably false when seen in the light of innuendo can be viewed as not involving opinion. (Am. Compl. ¶¶ 11, 13, 15-16, 19, 23-24, 27-28, 47-50.) *Tronfeld v. Nationwide Mutual Ins. Co.*, 272 Va. 709, 636 S.E.2d 447 (2006). This analysis covers the statements regarding taking money and bankruptcy. The "bribery" statement could implicate rules governing defamation *per se*. (Am. Compl. ¶¶ 23-25, 27-29, 58-62.) *See* Va. Code § 18.2-434. However, the bribery statement came after statements by co-defendant Wall concerning a $50,000.00 offer made to her by Jost to drop out of the race. Norment is alleged to have sent a mailing reacting to Wall's statement and Jost's offer with a cover page providing the definition of bribery. Norment's statement in

the context could not be proved as an allegation that Jost was falsely accused of bribery because, by the words used, the $50,000.00 was not given to influence her as a candidate in any official governmental decision. And the debt statement about Jost emanates from a judgment obtained by a bank against Jost and others which was unpaid for ten years, in 1996. These statements on their face express truth and thus would not be actionable.

Regarding the remaining grounds for demurrer, as noted, the statements arose during a political campaign made relative to the qualifications of a candidate for elective office. Even though such speech is subject to wide First Amendment protections, *Jackson v. Hartig*, 274 Va. 219, 231 (2007), on demurrer, the question is whether the allegations set up a cause of action as against Norment's argument that they consist of merely rhetorical hyperbole and are privileged and do not establish malice.

In a claim of defamation, "actual malice," also referred to as *New York Times* malice as set forth in *New York Times v. Sullivan*, 376 U.S. 254 (1964), requires that "the plaintiff show [] that the defendant knew the publication to be false or evidenced reckless disregard for the truth." *WJLA-TV v. Levin*, 264 Va. 140, 564 S.E.2d 383 (2002). In ¶¶ 11, 13, 15, 19, 24, 27-28, 31, 39-42, 51-54, 63-6 of the Amended Complaint, plaintiffs allege generally that Norment knew his statements were false, that he acted with malice or reckless indifference, and held a personal hatred toward them. Any privilege is lost if a plaintiff can show by clear and convincing evidence the existence of malice. *Schnupp v. Smith*, 249 Va. 353, 457 S.E.2d 42 (1995). Thus, based on the aforementioned rules, at this pleading stage, plaintiff has stated sufficient facts to withstand demurrer with reference to the bankruptcy and children statements, but not the debt and bribery ones, and the court will so rule.

Finally, there is the matter of Norment's demurrer to plaintiff Borgenicht's allegation of the only defamation statement made about him. The statement is contained in a political flyer regarding the taking money from children allegation. Defendant Norment seeks dismissal on demurrer of Borgenicht's claim on the ground that a plaintiff must allege that the claimed defamatory statement must be "of and concerning" the plaintiff. The flyer makes the assertion about Jost the candidate and states further that "[h]e and a few other wealthy partners" were in on taking money from children. The flyer contains a reproduced portion of the pleading including the caption of a Texas lawsuit brought by the parents of the children wherein Jost and Borgenicht and others are named as defendants. As previously mentioned on demurrer, the Court must give the benefit of all reasonable, implied, and inferred facts from those alleged in plaintiff's pleading. "[T]he few other wealthy partners" portion of the flyer, along with the caption in the lawsuit wherein Borgenicht

is named, can only be read to mean that Borgenicht is involved in the group of "wealthy businessmen," who had a hand in taking money from children, an allegation Borgenicht has alleged is false and defames him. At this stage, Borgenicht has alleged sufficient facts that the statement was of and concerned him and would be so understood by persons who read it. See *Dean v. Dearing*, 263 Va. 485 (2002).

*Misjoinder*

As stated, the only defamatory statement claimed against defendant Norment by Borgenicht involves the taking of money from children. The others are lodged only against Norment and the co-defendant. Accordingly, Norment would have the Court order that Borgenicht's claim be dismissed or dropped pursuant to Va. Code § 8.01-5 for reasons of misjoinder.

Plaintiffs, Borgenicht and Jost, are two separate individuals asserting separate causes of action in one lawsuit. This represents an improper union of parties and causes of action in one case, and the remedy is found in Va. Code § 8.01-5. The relief allowed therein shall be granted and plaintiffs can elect which of the plaintiffs and respective causes of action shall be dropped from this lawsuit. In accordance with the statute, the dropped claim(s) shall not abate.

Ms. Askew can prepare and submit an order with exceptions noted regarding the ruling on Norment's demurrer overruling in part and sustaining in part and Mr. Corrigan can submit an order with exceptions noted regarding the ruling on misjoinder with a provision that plaintiffs make this election within ten days from the date of the order or stating the election. The order implementing the rulings on demurrer should provide Jost the ability to amend within fifteen days of the date of entry, with any responsive pleading to be filed within ten days of filing of any Amended Complaint.