# CIRCUIT COURT OF THE CITY OF HOPEWELL

Patty C. Fallin et al.

v.

Anchor Point
Ventures, L.L.C., et al.

April 6, 2015

Case No. CL 2014-283

By Judge W. Allan Sharrett

The Court must decide whether to sustain or overrule Defendants' Demurrers and Pleas in Bar.

## *Facts*

This matter comes before the Court on a Complaint filed June 19, 2014, by Patty C. Fallin, Ann B. Cunningham, and Jean Temple (collectively, "Plaintiffs"), and the subsequent Demurrers filed by Defendants Anchor Point Ventures, L.L.C. ("APV"), Charles E. Ayers, Jr., Jesse L. Barber, Ralph L. Costen, John H. Woodfin, Jr., Anne C. Woodfin, and MPD Ventures, L.L.C. ("MPD"), jointly, and J. Irvin Beatley, individually. The Court held a hearing on the Demurrers on January 20, 2015, and, thereafter, received memoranda from all parties in support or in opposition to the demurrers. The basic facts of the case are as follows.

APV is a Virginia Limited Liability Company and the developer of Anchor Point Condominiums (the "Condominium") in Hopewell, Virginia. Plaintiffs own certain units in the Condominium. On November 16, 2010, this Court entered a Judgment Order in favor of Fallin and Cunningham against APV for $151,332.57 plus interest. Plaintiffs allege that Defendants still owe $56,273.40 plus interest on that judgment, with the amount paid

so far being paid under a letter of credit on December 21, 2010. APV has claimed to have no other assets with which to satisfy the judgment.

By deed of bargain and sale executed on April 25, 2006, and recorded on May 26, 2006, APV conveyed a parcel of real estate to MPD. On March 20, 2008, APV executed and recorded a deed of correction. Subsequently, on December 31, 2008, APV was cancelled as an entity, but was reinstated on April 23, 2009. Then, on April 13, 2012, Plaintiffs filed a claim for the debt against John H. Woodfin, Sr.'s ("Woodfin Sr.") estate.

Defendants now demur to Plaintiffs' Complaint seeking to void the allegedly fraudulent conveyance and to pierce the corporate veil, claiming the fraudulent conveyance claim is time barred under the equitable doctrine of laches, and in turn, the attempt to pierce the corporate veil is invalid. Additionally, Defendant Beatley also demurs on the grounds that plaintiffs have only asserted mere legal conclusions entitling them to relief against him personally and that he is not liable for the acts of any of the other defendants in this case.

## Discussion

Defendants' Demurrers and Pleas in Bar are overruled as to the fraudulent conveyance claim and as to the claim to pierce the corporate veil. A plea alleges a single state of facts or circumstances which, if proven, constitute an absolute defense to a claim. *Nelms v. Nelms,* 236 Va. 281, 289, 34 S.E.2d 4, 9 (1988). A favorable judgment on the plea would end the case. *Bolling v. General Motors Acceptance Corp.,* 204 Va. 4, 8, 129 S.E.2d 54, 57 (1963). Common uses of a plea include laches. *Village Square Ass'n v. Keenan,* 11 Va. Cir. 407, 408; 1975 Va. Cir. LEXIS 18, at *2 (1975).

Defendants have filed Demurrers and Pleas in Bar to Plaintiffs' fraudulent conveyance claim under the defense of laches. Virginia courts determine whether laches applies on a case-by-case basis. To successfully assert laches, Defendants must show Plaintiffs knew of their rights, there was an unexplained delay between the accrual of those rights and the filing of the lawsuit, and the delay was such as to warrant that Plaintiffs had abandoned their claims. *Meredith v. Goodwin and Gunn,* 219 Va. 1025, 1029, 254 S.E.2d 74, 76 (1979). Further, Defendants must show they were prejudiced by the delay; staleness of the claim alone is not enough to support a defense of laches. *Stewart v. Lady,* 251 Va. 106, 114, 465 S.E.2d 782, 786 (1996). However, ignorance due to negligence does not excuse laches, and Plaintiffs must have been diligent to investigate as the circumstances reasonably suggested and permitted. *Meredith,* 219 Va. at 1029, 254 S.E.2d at 77.

In the instant case, Defendants have failed to show that Plaintiffs' delay was unreasonable. Virginia courts have refused to prescribe a specific period of time as constituting a "reasonable delay," but they have found that the delay begins from the time the charging party has actual or constructive

notice of the defendant's activities. *See Dietrick v. Leadbetter,* 175 Va. 170, 8 S.E.2d 276 (1940). There is some question in this case as to when Plaintiffs had either actual or constructive notice of Defendants' allegedly fraudulent activities. The Court agrees with Defendants that Plaintiffs were on constructive notice of the property's conveyance when the deed was recorded on May 26, 2006. However, unless the terms of the deed are such that they preclude any other inference, the law operates under a presumption of honesty. *Flook v. Armentrout's Adm'r,* 100 Va. 638, 644, 42 S.E. 686, 688 (1902). As such, although Plaintiffs were on notice of the property's transfer, they were not on notice of any fraud in May 2006, or when the deed of correction was recorded in 2008. Similarly, the Court does not find that Plaintiffs were on notice of a potentially fraudulent conveyance in April 2009 when APV was reinstated as that event did not relate to the prior transfer of property.

The Court does, however, find that Plaintiffs could have reasonably been on notice of the allegedly fraudulent conveyance prior to April 2012 when Plaintiffs filed their claim against the estate of Woodfin, Sr., by letter to the commissioner of accounts. The Plaintiffs became judgment creditors of Defendants when the Court entered its Order in the previous litigation on November, 16, 2010. Subsequently, on December 21, 2010, Defendants made their only payment toward satisfaction of that judgment by letter of credit. Plaintiffs had no reason to suspect the conveyance was fraudulent until after that December payment when no additional payments were received and APV claimed to have no other assets with which to satisfy the judgment. Thus, Plaintiffs had no reason to investigate the circumstances surrounding the conveyance or to review the property records prior to December 2010. However, Plaintiffs could have been reasonably expected to be on notice between December 2010 and the April 2012 letter. For purposes of determining whether Plaintiffs' delay was unreasonable, therefore, the Court will use the December 2010 date as the date at which Plaintiffs were on notice.

Considering the circumstances of this lawsuit and the prior, related litigation, this Court does not believe Plaintiffs' ignorance prior to December 2010 was due to any negligence on their part. In fact, the record supports Plaintiffs' contentions that they were diligent in investigating Defendants' conduct and did not unreasonably delay in filing this lawsuit. Additionally, Defendants stated in their Reply to Plaintiff's Response and Opposition to Defendants' Demurrer and Plea in Bar that Plaintiffs admitted in their April 2012 letter that they "had uncovered some facts that supported liability," acknowledging that, as of that date, Defendants were on notice of a potential lawsuit, even though Plaintiffs did not file the lawsuit until June 2014. Thus, this Court finds that Plaintiffs' delay was not such as to warrant a finding that Plaintiffs abandoned their claims.

Additionally, Defendants have failed to show how they have been prejudiced by the delay. Defendants first argue they have been prejudiced by the delay because of the death of a party, Woodfin, Sr., who passed away in 2010 and may have had extensive knowledge of the 2006 transaction between APV and MPD. However, Defendants do not argue Woodfin, Sr.'s necessity with any certainty, saying instead that he simply "*may* have had extensive knowledge of the transaction . . . which *may* have supported the validity of such transaction and helped to shine light on facts in dispute," nor have they established that he was the only person who can testify to the requisite facts and circumstances they will need to establish at trial. Rather, multiple defendants were privy to the transaction, and they will be able to testify as to the relevant facts and circumstances surrounding the transaction.

Defendants also argue that the passage of time has resulted in lost evidence due to the diminishing recollection of other witnesses and the remaining Defendants as to the circumstances surrounding the transaction. However, Plaintiffs have stated that the allegations involved in this lawsuit can be proven through other means, such as public documents, and that the testimony of these witnesses would be inadmissible for other reasons.

Given each of these assertions, and despite the lapse in time and the death of Woodfin Sr., the Court finds that Defendants have not shown how they would be prejudiced by the delay. On the contrary, drawing "all reasonable factual inferences fairly and justly drawn from the facts alleged," the Court can infer from the allegations within the Complaint that because Plaintiffs were conducting pre-pleading investigations and were not on either constructive or actual notice until after December 2010, there is sufficient evidence to support the delay. Defendants have not presented any facts contradicting these inferences, and have thus failed to show that Plaintiffs delayed for an unexcused period of time, or that Defendants were unfairly prejudiced by the delay. Further, the Court finds that the trier of fact will be able to resolve the questions involved in this case without serious risk of doing injustice, despite the delay. Therefore, Defendants' Demurrers and Pleas in Bar to the fraudulent conveyance count based on the defense of laches are overruled.

Defendants' Demurrers to Count II: Piercing the Corporate Veil is also overruled. The purpose of a demurrer is to "determine whether a motion for judgment states a cause of action upon which the requested relief may be granted." *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 712, 636 S.E.2d 447, 449 (2006) (citing *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001)). A demurrer should also be sustained when a "pleading fails to state facts upon which the relief demanded can be granted." Va. Code Ann. § 8.01-273 (2013). A demurrer admits the truth of all well-pleaded material facts. Further, "all reasonable factual inferences fairly and justly drawn from the facts alleged must be

considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988).

To pierce the corporate veil, there must be a showing that the corporate entity was the *alter ego* of the individuals sought to be held personally liable and that the corporation was used as a device to disguise wrongs, obscure fraud, or conceal crime. *Cheatle v. Rudd's Swimming Pool Supply Co.*, 234 Va. 207, 212, 360 S.E.2d 828 (1987). There must be a showing that the individual "controlled or used the corporation to evade a personal obligation, to perpetuate a fraud or crime, to commit an injustice, or to gain an unfair advantage." *O'Hazza v. Executive Credit Corp.*, 246 Va. 111, 115, 431 S.E.2d 318 (1993).

Plaintiffs' pleadings have stated sufficient facts upon which the relief demanded can be granted. Plaintiffs' pleadings state that APV is and has been an *alter ego* for Defendants. The Complaint also states that APV existed for Defendants "and their various other entities to profit from and avoid responsibility for their actions." Compl. ¶ 110. Additionally, as Plaintiffs point out, in a lawsuit involving the same Defendants concerning the same condominiums, this Court has previously found that APV was "judgment proof," that APV "never intended to honor the settlement agreement," and that APV "never had the resources to do so . . . the whole obligation by [APV] to make such payments was . . . just another fraudulent representation." Compl. ¶ 77; *Millisor v. Anchor Point Ventures, L.L.C.*, 77 Va. Cir. 246; 2008 Va. Cir. LEXIS 278 (2008). Whether the facts at trial will prove that Defendants used the corporation as a device to disguise wrongs, obscure fraud, or conceal crime is to be determined, but Plaintiffs have alleged sufficient facts at this stage of the case to survive Defendants' Demurrers.

Additionally, Defendant Beatley's Demurrer as to his personal liability for the acts of the other defendants is overruled. Beatley argues that Plaintiffs have propounded only mere legal conclusions and made no factual allegations that would entitle them to relief against Beatley as an individual. However, as Plaintiffs enumerate in their Response and Opposition to Defendants' Demurrers and Plea in Bar, the Complaint contains a number of factual allegations, and not only mere legal conclusions, that apply equally to Beatley as to the other defendants. Therefore, this Court finds the Complaint does state facts upon which relief can be granted against Beatley, individually.

Accordingly, for the reasons stated herein, Defendants' Demurrers and Pleas in Bar are overruled without leave to amend.