# CIRCUIT COURT OF SURRY COUNTY

Gloria Griffin
and James J. Griffin, III

    v.

Kimberly S. Cowser-Griffin
and Kimberly S. Cowser-Griffin,
Executrix of the Estate of
David L. Griffin,
deceased

January 29, 2016

Case No. CL 12-0023

By Judge W. Allan Sharrett

The Court must decide whether to sustain or overrule Defendant Kimberly S. Cowser-Griffin's Demurrer.

*Facts*

This action arises out of David L. Griffin's (the "decedent") alleged failure to comply with a Separation and Property Settlement Agreement (the "Agreement") entered into between Mr. Griffin and Sandra Griffin upon their divorce. Under the Agreement, upon his death. Mr. Griffin was to "designate the children as primary beneficiaries on a life insurance policy or policies on their respective lives in a face amount of not less than $500,000 . . ." for so long as any child was under the age of twenty-one years old, and further was "to name the children of the marriage as co-beneficiaries under all 401K Plans and other such plans which would be distributed upon the death of either party." At the time of the decedent's death, Plaintiff Gloria Griffin was nineteen years old. The decedent's children, the Plaintiffs, allege in the Amended Complaint that the decedent thus breached the Agreement when he failed to maintain the required life

insurance policies and to properly designate them as the co-beneficiaries under his retirement plans.

The Amended Complaint also alleges that Defendant Kimberly Cowser-Griffin has been unjustly enriched to the extent she received life insurance benefits, 401k or similar retirement plan benefits, or other property that should have gone to Plaintiffs upon Mr. Griffin's death. As such, Plaintiffs seek to impose a constructive trust against the estate and/or the Defendant individually.

Defendant demurs to the Amended Complaint and seeks to be dismissed as a defendant in her individual capacity. In support of her Demurrer, the Defendant alleges that the Plaintiffs have failed to state a cause of action because they did not sufficiently establish themselves as third-party beneficiaries. She also alleges that the action is barred by Virginia Code § 55-37.

On June 3, 2015, this Court heard oral arguments on the Demurrer in Hopewell Circuit Court, after which both parties filed supplemental materials regarding the issues raised in oral argument.

## Discussion

A demurrer tests the sufficiency of factual allegations in the challenged pleadings to "determine whether a motion for judgment states a cause of action upon which the requested relief may be granted." *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 712, 636 S.E.2d 447, 449 (2006) (citing *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001)). A demurrer admits the truth of all well-pleaded material facts and should be sustained when a "pleading fails to state facts upon which the relief demanded can be granted." Va. Code Ann. § 8.01-273 (2013). Further, "all reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis,* 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). Further, under Rule 1:4 of the Rules of the Supreme Court of Virginia, the mere mention of an accompanying Exhibit in the pleading makes that Exhibit a part of the pleading. Va. Sup. Ct. R. 1:4(i) (2013).

The Property Settlement Agreement was attached as an Exhibit to the Complaint filed in this action, and thus will be considered along with the Complaint in the Court's consideration of Defendant's demurrer.

The Court disagrees with Defendant's argument that Plaintiffs have not sufficiently established themselves as third-party beneficiaries. Under well-established Virginia law, intended third-party beneficiaries have contractual rights and standing to sue for breach of contract, whereas incidental third-party beneficiaries do not have those rights. *Kelly Health Care v. Prudential Ins. Co.*, 226 Va 376, 380, 309 S.E.2d 305, 307 (1983). A beneficiary is intended if the beneficiary is identified in the contract being sued upon. *See*

*Richmond Shopping Ctr., Inc. v. Wiley N. Jackson Co.*, 220 Va. 135, 142, 255 S.E.2d 518, 523 (1979).

In the instant case, it is clear from the Agreement that the Plaintiffs are intended third-party beneficiaries of the Agreement entered into between the decedent and Sandra Griffin upon their divorce. Paragraphs 8 and 9 of the Agreement clearly state that the children were to be designated as the primary beneficiaries on the life insurance policies and as co-beneficiaries on the decedent's retirement plans. This Agreement was quoted in and incorporated into the Amended Complaint. The Court agrees with Plaintiffs' assertion that the Court simply cannot read those provisions of the Agreement or the allegations in the Amended Complaint to mean anything other than that the children were to be the intended third-party beneficiaries of the contract entered into between their parents during the divorce. As such, they do have standing to sue for breach of contract, and Plaintiffs have sufficiently stated a cause of action upon which relief can be granted.

Further, Defendant argues that this lawsuit is barred by Virginia Code § 55-37, which provides that a spouse shall not be responsible for the other spouse's contractual liability to a third party. Va. Code Ann. § 55-37 (2015). However, this Court finds that this lawsuit is not one seeking to impose personal liability against the Defendant for her late husband's contractual obligations. Had the Defendant not received any benefit from the decedent's life insurance policy, Plaintiffs would be unable to recover from her. However, the Amended Complaint alleges that Defendant did receive benefits after the decedent's death that were contractually due to the Plaintiffs and they are now seeking recovery to the extent that the Defendant was in fact unjustly enriched as a result of any amounts distributed to her through the policy. To that end, any monetary judgment imposed by this court will not be a result of the initial breach of contract, but rather will be a result of the defendant receiving and using the money after knowing it should have gone to the Plaintiffs. That cause of action stands separate from the initial breach of contract, and thus does not offend Va. Code § 55-37. As such, the allegations in the Amended Complaint are sufficient to state a cause of action against the Defendant and to survive the Demurrer. Whether the Plaintiffs can prove each of the elements of their claims will be addressed at trial.

## Conclusion

Accordingly, for the reasons stated herein, Defendant's Demurrer is overruled.