COURT OF APPEALS OF VIRGINIA

Present:   Judges Malveaux, Athey and Callins
Argued at Lexington, Virginia


DANIEL JAMES STARK AND
 CATHERINE STARK

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0940-22-3               JUDGE DOMINIQUE A. CALLINS
                                                    JULY 25, 2023

DENNIS CRUMPLER


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
Stacey W. Moreau, Judge

Devon J. Munro (Munro Law, P.C.; Munro Byrd, P.C., on briefs),
for appellants.

George I. Vogel, III (Christopher W. Stevens; Elaine D. McCafferty;
Vogel & Cromwell, L.L.C.; Woods Rogers Vandeventer Black PLC,
on brief), for appellee.


Daniel James Stark and Catherine Stark ("the Starks") appeal the judgment of the Circuit

Court of Franklin County ("the trial court") finding them in civil contempt of the court's orders

prohibiting them from defaming the plaintiff, Dennis Crumpler, and from violating certain travel

restrictions related to a lakefront property managed by Crumpler.  After finding the Starks in

civil contempt, the trial court sanctioned the Starks by ordering them to pay Crumpler monetary

sanctions and attorney fees, as well as by imposing new travel restrictions related to the property.

On appeal, the Starks assert that the trial court erred by (1) applying the evidentiary standard for

civil contempt while imposing criminal contempt punishments, (2) ruling that the Starks'

bicycling on a certain road was a violation of the court's orders, (3) ordering overly broad travel

restrictions on public highways and the lake area, (4) finding that the Starks' statements about

_____

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

Crumpler towards an insurance adjuster constituted defamation, and (5) ordering that the Starks would be in contempt for making any late payments, leading to potentially cumulative interest penalties. For the following reasons, we reverse.

BACKGROUND

This appeal is the latest episode in the long-standing litigation between Crumpler—the manager and developer of a private residential waterfront community at Smith Mountain Lake known as "The Coves"—and the Starks, who are married, currently live near The Coves, and previously owned a lot there. The civil litigation between the Starks and Crumpler began in 2017, resulting in a settlement agreement in which the Starks agreed to convey their lot in The Coves to Crumpler for one dollar, as well as a March 13, 2018 trial court order permanently imposing certain geographic travel restrictions upon the Starks in relation to The Coves.

Subsequently, Daniel Stark was indicted in September 2018 for felony property destruction for damaging one of the roads in The Coves by spinning his truck tires on the road in August 2016. The trial court convicted him of that charge in 2021, and the conviction was upheld by this Court in *Stark v. Commonwealth*, No. 0458-21-3 (Va. Ct. App. Feb. 8, 2022).

In February 2020, Crumpler filed amended complaints against the Starks for defamation and malicious prosecution resulting from Daniel Stark's filing of a criminal complaint against Crumpler alleging that Crumpler had stalked and acted threateningly towards him. This charge was nolle prossed by the Commonwealth. The parties settled the complaints, resulting in the trial court entering an order on August 28, 2020, stating that the Starks are "permanently restrained and enjoined by the powers of this Court from making false and defamatory statements about [Crumpler] and his business interests to third parties."

In September 2020, Crumpler filed a "Petition for an Order to Show Cause and for Relief for Civil Contempt" against the Starks alleging that they had violated the August 28, 2020 order

by placing letters with defamatory material about Crumpler into the mailboxes of two individuals that live near The Coves. The trial court found that the Starks were in civil contempt of the August 28, 2020 order and entered an order on December 14, 2020, modifying the March 13, 2018 order to impose new geographic travel restrictions and to "prohibit [the Starks] from . . . loitering or using Rock Cliff Road and/or Cedar Ridge Road for any purpose or use other than vehicular transient use only."

In June 2021, Crumpler filed a "Second Petition to Reinstate Case on Active Docket and Motion to Enforce Permanent Injunction and for Rule to Show Cause for Why Defendant Should Not Be Held in Civil Contempt." The petition alleged that the Starks were in civil contempt of the August 28, 2020 order for making defamatory statements about Crumpler during a recorded phone call with an insurance adjuster, Carol Hott, regarding an insurance claim that the Starks were making against Crumpler's paving contractor. During the phone call, the Starks stated that Crumpler was "vindictive" and that "he would rather sue you than even speak to you." The petition also alleged that the Starks were in civil contempt of the December 14, 2020 order for bicycling and loitering on Cedar Ridge Road. The trial court conducted an evidentiary hearing on the petition on July 14, 2021, and issued a letter opinion on September 24, 2021, finding the Starks in civil contempt of the court's orders.

In its letter opinion, the trial court stated that the proceedings were for "civil contempt" and that the burden of proof applied by the court was "clear and convincing evidence." The trial court found that the Starks' statements to the insurance adjuster constituted defamation, in violation of the court's August 28, 2020 order, and that the Starks' bicycling and stopping on Cedar Ridge Road violated the December 14, 2020 order's prohibition on using that road "for any purpose or use other than vehicular transient use only." The trial court concluded that it "finds that bicycling is not an exemption to this Court's order." The trial court ordered the

Starks to pay Crumpler's attorney fees and that "each defendant pay to [Crumpler] fifteen thousand dollars ($15,000.00), in remedial damages as compensation for damages sustained and punishment for willful disobedience of the Court's orders." The trial court also ordered that the December 14, 2020 order would be expanded to impose greater travel restrictions upon the Starks in relation to the public highways and lake area surrounding The Coves. The trial court entered a final order memorializing its decision on November 22, 2021. This appeal followed.

ANALYSIS

The Starks argue that, in effect, the contempt proceeding was criminal rather than civil in nature, and thus the trial court erred in imposing criminal punishments in a proceeding devoid of necessary protections associated with a criminal proceeding. *See Int'l Union, United Mine Workers of Am. v. Covenant Coal Corp.*, 12 Va. App. 135, 149 (1991) ("[C]riminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings, including the requirement that the offense be proved beyond a reasonable doubt." (alteration in original) (quoting *Hicks v. Feiock*, 485 U.S. 624, 632 (1988))). But this issue is now moot because we hold that the trial court erred as a matter of law in interpreting its own orders to find the Starks in contempt for bicycling on Cedar Ridge Road and committing defamation against Crumpler.

I. Bicycling

A "well-established principle in our jurisprudence is that circuit courts have the authority to interpret their own orders." *Roe v. Commonwealth*, 271 Va. 453, 457 (2006). "However, a circuit court's authority to interpret its order is subject to judicial review and even though this Court accords deference to the circuit court's interpretation, that interpretation must be reasonable." *Id.* at 457-58. "We apply an abuse of discretion standard in determining whether the circuit court's interpretation of its order is reasonable." *Id.* at 458. "[B]efore a person may

- 4 -

be held in contempt for violating a court order, the order must be in definite terms as to the duties thereby imposed upon him and the command must be expressed rather than implied." *DRHI, Inc. v. Hanback*, 288 Va. 249, 255 (2014).

Applying these principles, we hold that the trial court's interpretation of its December 14, 2020 order is unreasonable as a matter of law because the order contains no definite, express language stating that bicycling did not fall under the order's exception for "vehicular transient use," and, under Virginia law, bicycles are classified as vehicles when being ridden on public highways. *See* Code § 46.2-100 ("For purposes of Chapter 8 (§ 46.2-800 et seq.), a bicycle shall be a vehicle while operated on the highway."); Code § 46.2-800 ("Every person riding a bicycle . . . on a highway shall be subject to the provisions of this chapter and shall have all of the rights and duties applicable to the driver of a vehicle[.]"). Therefore, the trial court erred in finding the Starks in contempt for bicycling on Cedar Ridge Road.

## II. Defamation

"In Virginia, when a plaintiff alleges defamation by publication, the elements are '(1) publication of (2) an actionable statement with (3) the requisite intent.'" *Schaecher v. Bouffault*, 290 Va. 83, 91 (2015) (quoting *Tharpe v. Saunders*, 285 Va. 476, 480 (2013)). "Speech that does not contain a provably false factual connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person, are not actionable." *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 714 (2006). "Statements that are relative in nature and depend largely upon the speaker's viewpoint are expressions of opinion." *Id.* "Whether an alleged defamatory statement contains a provably false factual connotation or is a 'pure expression[ ] of opinion' is a question of law that we examine de novo." *Schaecher*, 290 Va. at 103 (alteration in original) (quoting *Tharpe*, 285 Va. at 481-82). "In so doing, 'we do not

- 5 -

determine whether the alleged defamatory statement is true or false, but whether it is capable of being proved true or false.'" *Id.* (quoting *Tharpe*, 285 Va. at 482).

Applying these principles, we hold that the Starks' statements to the insurance adjuster that Crumpler was "vindictive" and "would rather sue you than even speak to you" are non-actionable statements of opinion. While it is true that Crumpler had completely legitimate reasons for suing the Starks in response to their tortious activity against him, it is also entirely possible that Crumpler had vindictive intent towards the Starks in suing them—the two are not mutually exclusive. The Starks' statements here relate entirely to their own perception of Crumpler's subjective attitude towards them and do not connote that Crumpler did not have an objectively legitimate factual basis for initiating the litigation. We conclude that the Starks' viewpoints regarding Crumpler's personal attitude towards them are statements of opinion that are not truly capable of being proven true or false. Therefore, the trial court erred in finding the Starks in contempt for committing defamation against Crumpler.

Since we hold that the trial court erred in finding the Starks in contempt for bicycling on Cedar Ridge Road and committing defamation, the trial court necessarily erred in punishing the Starks by imposing greater travel restrictions and new fines in its November 22, 2021 order. Thus, the trial court's judgment must be reversed. We therefore do not reach the Starks' remaining assignments of error. *See Nunez v. Commonwealth*, 66 Va. App. 152, 157 (2016) ("The doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest ground available.'" (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010))).

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed, the final order is vacated, and the contempt proceedings are dismissed.

*Reversed and final judgment.*

- 6 -