Present:  All the Justices

SHARON D. YEAGLE

v.     Record No. 971304    OPINION BY JUSTICE ELIZABETH B. LACY
                                        February 27, 1998
COLLEGIATE TIMES

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Ray W. Grubbs, Judge

In this appeal, we consider whether the trial court correctly dismissed a defamation action because the phrase at issue could not reasonably be interpreted as stating actual facts about the plaintiff as a matter of law.

Sharon D. Yeagle is employed as an assistant to the Vice President of Student Affairs at Virginia Polytechnic Institute and State University.  As part of her responsibilities, she facilitated the participation of students in the 1996 Governor's Fellows Program.  The Collegiate Times, the University's student newspaper, published an article describing the University's successful placement of students in the program.  The text of the article surrounded a block quotation in larger print attributed to Yeagle.  Beneath the quotation, the phrase "Director of Butt Licking" was printed under Yeagle's name.

Yeagle filed a motion for judgment against the Collegiate Times, alleging that the phrase "Director of Butt Licking"

constituted common law defamation, defamation per se, and use of insulting words under Code § 8.01-45.  The trial court sustained the Collegiate Times' demurrer on all counts and dismissed the case.  The trial court held that the phrase at issue was "void of any literal meaning," and that it would be unreasonable to interpret the phrase as conveying any factual information about Yeagle.

We awarded Yeagle an appeal limited to the question whether the trial court erred in holding that, as a matter of law, the phrase "Director of Butt Licking" cannot convey a defamatory meaning.  We conclude that the trial court did not err in sustaining the demurrer because the offending phrase cannot support an action for defamation -- an issue properly determined by the court as a matter of law.

Causes of action for defamation have their basis in state common law but are subject to principles of freedom of speech arising under the First Amendment to the United States Constitution and Article I, Section 12 of the Constitution of Virginia.  The United States Supreme Court has identified constitutional limits on the type of speech that may be the subject of common law defamation actions.  Thus, speech which

does not contain a provably false factual connotation,[1] or statements which cannot reasonably be interpreted as stating actual facts about a person cannot form the basis of a common law defamation action.  Milkovich v. Lorain Journal Co., 497 U.S. 1, 16-17, 20 (1990).

In considering the type of speech that falls beyond that which can support a defamation action, the United States Supreme Court has recognized that speakers may use language that is insulting, offensive, or otherwise inappropriate, but constitutes no more than "rhetorical hyperbole."  Examples include referring to the negotiating position of a real estate developer as "blackmail," Greenbelt Coop. Publ'g Ass'n, Inc. v. Bresler, 398 U.S. 6, 13-14 (1970), defining a labor union "scab" to be a "traitor," Letter Carriers v. Austin, 418 U.S. 264, 284-86 (1974), or publishing a parody of an advertisement referring to a public figure, Hustler Magazine, Inc. v. Falwell, 485 U.S. 46, 50 (1988).  In each of these instances, no reasonable inference could be drawn that the individual

---

[1] Speech which does not contain a provably false factual connotation is sometimes referred to as "pure expressions of opinion," see, e.g., Williams v. Garraghty, 249 Va. 224, 233, 455 S.E.2d 209, 215 (1995), although the Supreme Court has specifically declined to hold that statements of opinion are categorically excluded as the basis for a common law defamation cause of action.  Milkovich v. Lorain Journal Co., 497 U.S. 1, 18-21 (1990).

identified in the statements, as a matter of fact, engaged in the conduct described.  The statements could not reasonably be understood to convey a false representation of fact.  See Milkovich, 497 U.S. at 16-17.

Similarly, we have recognized that words used to describe a member of a labor union in the course of a labor dispute, while "disgusting, abusive, [and] repulsive," will not support a cause of action for defamation for the same reason -- they could not "reasonably be understood . . . to convey a false representation of fact."  Crawford v. United Steel Workers, AFL-CIO, 230 Va. 217, 234-35, 335 S.E.2d 828, 839 (1985), cert. denied, 475 U.S. 1095 (1986).  While Crawford involved statements made in the context of a labor dispute which, under federal law, requires a wider tolerance of rhetoric which might otherwise support an action for defamation, the case nevertheless reaffirms that, to be actionable, the alleged defamatory statements must still be understood to convey a false representation of fact.  See also Freedlander v. Edens Broadcasting, Inc., 734 F.Supp. 221, 225-27 (E.D. Va. 1990); Polish Am. Immigration Relief Comm., Inc. v. Relax, 189 A.D.2d 370, 373-74, 596 N.Y.S.2d 756, 758-59 (1993).

Whether statements complained of in a defamation action fall within the type of speech which will support a state

4

defamation action is a matter for the trial judge to determine as a matter of law, just as the trial judge, not the finder of fact, must determine whether a statement is defamatory per se because it imputes the commission of a crime involving moral turpitude.  Chaves v. Johnson, 230 Va. 112, 119, 335 S.E.2d 97, 102 (1985); Great Coastal Express, Inc. v. Ellington, 230 Va. 142, 148, 334 S.E.2d 846, 850 (1985).

Yeagle argues that the demurrer should have been overruled and the case resolved by a jury because the phrase at issue conveys factual information and thus can support her action for defamation.  Yeagle argues that a literal interpretation of the phrase imputes to her a criminal offense involving moral turpitude under the sodomy statute, § 18.2-361(A), and the phrase, therefore, is defamatory per se.[2]  She also asserts that the phrase carries with it the implication that she curries favor with others by disingenuous behavior or directs others to do so.  According to Yeagle, such an implication is defamatory per se because it suggests that she

_____

[2]A statement is defamatory per se if it (1) imputes the commission of a criminal offense involving moral turpitude for which a party may be convicted; (2) imputes that the person is infected with a contagious disease which would exclude the party from society; (3) imputes an unfitness to perform the duties of a job or a lack of integrity in the performance of the duties; or (4) prejudices the party in her profession or

5

performs the duties of her job in an artificial, shallow, or other manner that generally lacks integrity, and it prejudices her in her career.  Finally, she argues that, even if the phrase is not defamatory per se, it is actionable defamation because it injures her reputation and holds her up to ridicule, citing Adams v. Lawson, 58 Va. (17 Gratt.) 250, 255-56 (1867).  We disagree.

The threshold issue, whether the complained of phrase including inferences fairly attributable to it could reasonably be interpreted as stating actual facts about Yeagle and, therefore, be actionable defamation, is a matter of law to be resolved by the trial court.  In this case, the phrase "Director of Butt Licking" is no more than "rhetorical hyperbole."  The phrase is disgusting, offensive, and in extremely bad taste, but it cannot reasonably be understood as stating an actual fact about Yeagle's job title or her conduct, or that she committed a crime of moral turpitude.

Yeagle's assertion that the phrase connotes a lack of integrity in the performance of her duties also fails and, therefore, cannot properly be considered as the basis for a defamation action.  While "every fair inference" in a pleading

trade.  Fleming v. Moore, 221 Va. 884, 889, 275 S.E.2d 632, 635 (1981).

6

may be used to determine whether the words complained of are capable of a meaning ascribed by innuendo, inferences cannot extend the statements, by innuendo, beyond what would be the ordinary and common acceptance of the statement. Carwile v. Richmond Newspapers, Inc., 196 Va. 1, 8, 82 S.E.2d 588, 592 (1954). Applying this principle, a statement that an attorney did not report certain payments cannot be extended by inference to mean that the attorney acted improperly, for purposes of a defamation action. Perk v. Vector Resources Group, Ltd., 253 Va. 310, 316-17, 485 S.E.2d 140, 143-44 (1997). In this case, as we have said, the litigated phrase itself cannot be taken as asserting actual facts about Yeagle. Furthermore, considering the phrase at issue in the context of the entire article, see Richmond Newspapers, Inc. v. Lipscomb, 234 Va. 277, 297-98, 362 S.E.2d 32, 43 (1987); The Gazette v. Harris, 229 Va. 1, 22-23, 305 S.E.2d 713, 729 (1985), we find nothing which supports an inference that Yeagle performed her job with a lack of integrity or that she directed others to do so. The article was complimentary of Yeagle and the program with which she was associated.

Accordingly, because the phrase at issue could not reasonably be considered as conveying factual information about Yeagle, and therefore could not support a cause of

7

action for defamation, we will affirm the judgment of the trial court.

Affirmed.

JUSTICE KINSER, with whom JUSTICE KOONTZ joins, dissenting.

The issue in this appeal is whether the phrase "Director of Butt Licking" conveys any defamatory factual information about Yeagle. While the trial court must determine as a matter of law whether this phrase is defamatory per se, Chaves v. Johnson, 230 Va. 112, 119, 335 S.E.2d 97, 102 (1985), in ruling on a demurrer, the trial court is "confined to the legal sufficiency of a pleading, and [must not consider] disputed facts." Hop-In Food Stores, Inc. v. Serv-N-Save, Inc., 237 Va. 206, 209, 375 S.E.2d 753, 755 (1989) (citing Bellamy v. Gates and Gill, 214 Va. 314, 315-16, 200 S.E.2d 533, 534 (1973)). "A demurrer admits the truth of all properly pleaded material facts. 'All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading.'" Ward's Equipment v. New Holland North America, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997) (quoting Fox v. Custis, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988)).

Collegiate Times acknowledges that the phrase "Director of Butt Licking" implies that a person either curries favors with others by disingenuous behavior such as fawning or directs others to do so.  In fact, the trial court recognized that this title conveys the inference that Yeagle "cultivates favors from others or directs those who do."  "In order to render words defamatory and actionable it is not necessary that the defamatory charge be in direct terms but it may be made indirectly, and it matters not how artful or disguised the modes in which the meaning is concealed if it is in fact defamatory."  Carwile v. Richmond Newspapers, 196 Va. 1, 7, 82 S.E.2d 588, 592 (1954).

The phrase is a factual assertion regarding Yeagle's job performance and imputes to her an unfitness to perform the duties of her job or lack of integrity in the performance of such duties.  Fleming v. Moore, 221 Va. 884, 889, 275 S.E.2d 632, 635 (1981).  The phrase also prejudices Yeagle in her profession.  Id.  At common law, defamatory words are actionable per se if they satisfy either of these criteria. Id.

For these reasons, I dissent and would reverse the judgment of the trial court and remand this case for further proceedings.