## CIRCUIT COURT OF GREENE COUNTY

Miller

 v.

Lowe

BY JUDGE DANIEL R. BOUTON

January 3, 2006

I set forth below the court's ruling in connection with the outstanding demurrer.

In support of his claim for defamation, the plaintiff's motion for judgment identifies three separate statements and asserts that each one is actionable. Paragraph Five states that "taken as a whole" the statements are defamatory and entitle the plaintiff to relief. The motion for judgment, however, does not claim that the publication of the statements make the plaintiff appear odious, infamous, or ridiculous. Moreover, there are no allegations that state and explain why any of the statements would fall into any of the categories that are recognized as defamatory per se under Virginia law. See *Perk v. Vector Resources Group, Ltd.*, 253 Va. 310, 485 S.E.2d 140 (1997). Finally, the motion for judgment fails to set forth facts that explain why the statements are defamatory under Virginia law rather than merely unflattering or annoying. Therefore, the demurrer will be sustained.

The next issue for the court to decide is whether leave should be granted to file an amended motion for judgment. Rule 1:8 states explicitly that leave to amend "shall be liberally granted in furtherance of the ends of justice." Whether to grant such leave is a matter that rests within the sound discretion of the trial court.

2

Here, nothing in the record suggests that any prejudice would result to the defendant from granting leave to amend. Moreover, the court has not previously granted leave for the filing of any amended pleadings. Under such circumstances, the Supreme Court of Virginia has held that it can be an abuse of discretion if the trial judge does not provide a litigant with an opportunity to file amended pleadings. *Mortarino v. Consultant Engineering Services*, 251 Va. 289, 467 S.E.2d 778 (1996). The court thus concludes that at this stage of the litigation, leave to amend should be granted.

The plaintiff shall have until January 31, 2006, to file an amended motion for judgment, if he chooses to do so. The defendant shall have until February 21, 2006, to file any responsive pleadings deemed appropriate.

July 7, 2006

I write to advise you of the court's ruling with regard to the outstanding demurrer in the above referenced case.

The amended motion for judgment alleges that a number of statements made by the defendant are defamatory. There is no dispute that the defendant published the disputed statements and that they refer to the plaintiff. Moreover, the plaintiff's amended motion for judgment does not allege that any of the statements fall into the four categories that are actionable per se under Virginia law. Therefore, the court must address whether any of the statements create an apparent substantial danger to the plaintiff's reputation. There is no simple test that can be applied by the court to resolve this inquiry; however, whether a statement makes substantial danger to one's reputation apparent is a question of law that must be decided by the trial judge. *WJLA-TV v. Levin*, 264 Va. 140, 564 S.E.2d 383 (2003); *The Gazette, Inc. v. Harris*, 229 Va. 1, 325 S.E.2d 713 (1985). A related issue in connection with each statement is whether the disputed statement is one of fact rather than opinion; expressions of opinion are not actionable under Virginia law. *Chaves v. Johnson*, 230 Va. 112, 335 S.E.2d 97 (1985). Finally, it must be noted that the Supreme Court of Virginia has found that innuendo may support a claim for defamation; however, any inferences from such innuendo must not exceed the ordinary meaning of the statements. Any innuendo that flows from a statement must not introduce new matter or extend the meaning of the words to make certain what is not certain. This principle must also be considered in ruling on the statements that are alleged to be defamatory in the present case. *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 82 S.E.2d 588 (1954).

The court will now turn to the statements that are referred to in the amended motion for judgment. First, the plaintiff alleges that the following statement is defamatory: "The courts made a statement to the effect that Mr.

Miller was not trying to resolve a problem but to perpetuate it." In the court's view, the ordinary meaning of this statement contains nothing that can be construed as defamatory under Virginia's common law principles. Arguably, it is offensive, unflattering, or insulting in that it portrays Mr. Miller as a difficult or litigious person; however, its common meaning does not render apparent substantial danger to one's reputation. Moreover, in the court's view, this is a statement of opinion rather than one of fact; in this regard, one could not prove as true or false whether a person was trying to resolve a problem rather than perpetuate it.

The plaintiff also alleges that the following statement is defamatory: "To top it off, his former lawyer had to pursue him for nonpayment of his professional fees." On this point, the plaintiff argues that this statement amounts to an accusation by the plaintiff that the defendant does not pay his bills. Nevertheless, the context of the statement must be considered in determining whether it is defamatory. On this point, it must be noted that the statement was made with reference to legal fees that arose from some type of litigation in Maryland. The statement was not a general accusation that the plaintiff fails to pay his lawful debts. Rather, it was a criticism of his conduct in connection with a case that was tried in another jurisdiction. Therefore, any innuendo that can be attributed to the statement would be with reference to the litigation and the events surrounding it rather than to the plaintiff's responsibility for the payment of his lawful debts. Moreover, a statement that a creditor had to take action to collect a debt does not necessarily contain any defamatory content. See *Perk v. Vector Resources Group, Ltd.*, 253 Va. 310, 485 S.E.2d 140 (1997); *Yeagle v. Collegiate Times*, 255 Va. 293, 497 S.E.2d 136 (1998). As a result, the court finds that this statement is not defamatory.

Finally, the amended motion for judgment alleges that the letter written by the plaintiff concludes with a statement that "strongly implies that plaintiff is neither law abiding nor God fearing, and further invites the wrath of the citizens of Greene County upon him." To begin with, no statement attributed to the defendant ever directly accuses the plaintiff of not being law abiding or God fearing. Next, the amended motion for judgment never sets forth the specific statement relied on by the plaintiff for this claim by implication. In order to state a claim for defamation in Virginia, a plaintiff must allege the exact words published by the defendant. *Federal Land Bank v. Birchfield*, 173 Va. 200, 3 S.E.2d 405 (1939). In addition, this is a statement of opinion and not one of fact. It is simply not possible to prove as true or false whether the citizens of Greene County are law abiding and God fearing; such a statement constitutes a rhetorical expression that is frequently used in public and political dialogue.

Finally, in analyzing the content of a statement that is alleged to be defamatory, courts must give some consideration to the context in which the words were used. As noted in Carwile, supra, while "varying circumstances often make it difficult to determine whether particular language is defamatory, it is a general rule that allegedly defamatory words are to be taken in their plain and natural meaning and to be understood by courts and juries as other people would understand them, and according to the sense in which they appear to have been used." *Id.*, at 7. Here, two points need to be stressed regarding the sense in which the defendant's words were used. First, all of the statements are set forth in a letter to the editor that was sent by the defendant to the local newspaper. He was responding to a critical letter that had first been sent to the paper by the plaintiff. The alleged defamatory statement was thus published by a political candidate who was running for public office and who was being openly opposed in this endeavor by the plaintiff. The other sense in which the words were used was with reference to the long and contentious dispute between the plaintiff and the defendant over a number of issues pertaining to the activities of the Dogwood Valley Subdivision, where they both reside. Finally, it should be stressed that the paragraph that follows the statement about law abiding and God fearing citizens refers to the defendant's political campaign. The paragraph in question makes it clear that the statement about law abiding and God fearing citizens was published by the defendant in an effort to refute the criticisms of his candidacy by the plaintiff and to appeal to the voters in support of his bid to win a seat on the Greene County Board of Supervisors.

As a result of the above discussion, the court finds that the disputed statements are not defamatory. The court will therefore sustain the demurrer to the amended motion for judgment. At this point, the case will be dismissed with prejudice.