**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1102**

JAMES SOO CHOI,

                    Plaintiff - Appellee,

          v.

KYU CHUL LEE; INSIDE THE WORLD, INCORPORATED; CHUNG MU SON,

                    Defendants - Appellants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:06-cv-00475-CMH)

Argued:  December 2, 2008          Decided:  February 20, 2009

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Chang Ho Lie, LAW OFFICE OF LIE & ASSOCIATES, L.L.C., McLean,
Virginia, for Appellants.  John Chapman Petersen, SUROVELL,
MARKLE, ISAACS & LEVY, P.C., Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chung Mu Son, Inside the World, Inc., and Kyu Chul Lee appeal from a jury verdict in favor of James Soo Choi on Choi's defamation claims springing from the publication of certain newspaper columns. We vacate and remand for a new trial.

## I.

Plaintiff Choi is a businessman and leader in the Korean-American community. Over the years Choi has held various positions with the Federation of Korean Associations of America (the "Federation"), a non-profit corporation seeking to advance the interests of the Korean-American community in the United States. Appellant Lee, a syndicated columnist, wrote four columns about Choi that were published by appellant Son in Son's Inside the World, a Korean-language newspaper. The columns painted Choi in an unfavorable light, describing him as a thug and a gangster, and alleging, among other things, that Choi improperly titled a building in the name of a corporation he controlled even though the building was bought with Federation funds, and that Choi was intoxicated and poorly behaved at a Federation convention in 2005.[1]

---

[1] The appellants failed to include in the Joint Appendix the English translations of the columns at issue. While the translations would have facilitated our review of this case, (Continued)

Choi thereafter brought this action, asserting, as is relevant to this appeal, that he was defamed in the columns written by Lee. The district court limited the jury's consideration of the defamation claims to three groups of statements contained in the columns -- the descriptions of Choi as a thug and a gangster, the allegations that Choi was drunk at a Federation convention, and the allegations that Choi improperly transferred title to the Federation building. The jury found in favor of Choi on the gangster and public intoxication claims, awarding Choi $25,000 in compensatory damages and $50,000 in punitive damages. This appeal followed.[2]

II.

To establish a defamation claim under Virginia law, the plaintiff must show "(1) publication of (2) an actionable

_____

Choi's complaint and the portions of the trial transcript included in the joint appendix provide a minimally sufficient description of the contents of the columns.

[2] Choi asserted other claims against the defendants that were dismissed by the district court or rejected by the jury, and Choi also contended that portions of the columns other than those submitted to the jury amounted to defamation. Because Choi has not cross-appealed to challenge the district court's rulings on these issues, the only issues before us are the appellants' challenges to the jury verdict on the defamation claims.

3

statement with (3) the requisite intent." Jordan v. Kollman, 612 S.E.2d 203, 206 (Va. 2005). An actionable statement is one that is both false and defamatory. See id.

A statement is defamatory if it "tend[s] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1092 (4th Cir. 1993) (internal quotation marks omitted). "[D]efamatory words are those that make the plaintiff appear odious, infamous, or ridiculous. Merely offensive or unpleasant statements are not defamatory." Id. (citation and internal quotation marks omitted).

"The application of the state law of defamation is limited, of course, by the First Amendment to the Constitution of the United States." CACI Premier Tech., Inc. v. Rhodes, 536 F.3d 280, 293 (4th Cir. 2008) (internal quotation marks omitted). "[S]tatements that cannot reasonably be interpreted as stating actual facts about an individual" are constitutionally protected. Id. (internal quotation marks and alteration omitted); accord Fuste v. Riverside Healthcare Ass'n, Inc., 575 S.E.2d 858, 861 (Va. 2003). "[S]tatements of opinion[, therefore,] are generally not actionable because such statements cannot be objectively characterized as true or false." Jordan, 612 S.E.2d at 206. Likewise, "rhetorical hyperbole," even if

4

"insulting, offensive, or otherwise inappropriate," is not actionable because such statements cannot "reasonably be understood to convey a false representation of fact." Yeagle v. Collegiate Times, 497 S.E.2d 136, 137 (Va. 1998) (internal quotation marks omitted); see CACI, 536 F.3d at 293 (explaining that "rhetorical hyperbole, a vigorous epithet and loose, figurative, or hyperbolic language" are constitutionally protected (internal quotation marks omitted)).

A.

As noted above, the jury found in favor of Choi with regard to the statements describing Choi as a thug and a gangster. On appeal, the appellants contend that those statements should be viewed, as a matter of law, as non-actionable opinion or hyperbole. See Yeagle, 497 S.E.2d at 138 ("The threshold issue, whether the complained of phrase including inferences fairly attributable to it could reasonably be interpreted as stating actual facts about [the plaintiff] and, therefore, be actionable defamation, is a matter of law to be resolved by the trial court."). We disagree.

We recognize that there are statements within the columns suggesting that Lee used "gangster" as a hyperbolic, shorthand label for the long-standing pattern of boorish behavior by Choi. See, e.g., J.A. 14-15 (second column supported its characterization of Choi as "not just an organized gangster, but

5

a thug" with a description of an incident where Choi was discourteous to an elder). Nonetheless, other portions of the columns describe conduct of a more serious nature -- for example, alleging that Choi accepted a bribe to appoint someone to a board and accepted money to conceal the whereabouts of and generally look after a woman alleged to be the illegitimate daughter of the South Korean premier. Under these circumstances, we believe that the descriptions of Choi as a gangster can reasonably be understood as stating actual facts about Choi. See Hyland v. Raytheon Tech. Servs., Inc., ____ S.E.2d ___, 2009 WL 103546, at *4 (Va. Jan. 16, 2009) ("In determining whether a statement is one of fact or opinion, a court may not isolate one portion of the statement at issue from another portion of the statement. Rather, a court must consider the statement as a whole." (internal citations omitted)); cf. Richmond Newspapers, Inc. v. Lipscomb, 362 S.E.2d 32, 43 n.8 (Va. 1987) (finding no error in the trial court's decision to submit to the jury in a defamation action statements of opinions "laden with factual content" (internal quotation marks omitted)). Accordingly, in this case it is appropriate for a jury to decide whether the gangster statements are in fact defamatory. See Gazette, Inc. v. Harris, 325 S.E.2d 713, 733 (Va. 1985) ("[T]he publication was sufficiently defamatory on its face . . . to permit a jury to decide whether in fact the

6

statement actually was defamatory.  Thus, the trial court did not err in failing to decide the question as a matter of law.").

B.

The appellants also contend that the district court's instructions to the jury were incomplete and inaccurate, thus requiring a new trial.  We review jury instructions for abuse of discretion.  See Chaudhry v. Gallerizzo, 174 F.3d 394, 408 (4th Cir. 1999).

> The test of adequacy of instructions properly challenged on appeal is not one of technical accuracy in every detail.  It is simply the practical one of whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party.

Spell v. McDaniel, 824 F.2d 1380, 1395 (4th Cir. 1987).

(1)

As to the gangster claims, the appellants argue that the court's instructions did not provide sufficient guidance for the jury to intelligently resolve whether the gangster comments were actionable defamation.  We agree.

The district court instructed the jury that "[d]efamation is a false statement of fact as opposed to a statement of opinion."  J.A. 108.  The court, however, provided almost no guidance on how to distinguish between fact and opinion, stating only that "[a] fact is a matter which can be proved or disproved

7

by evidence," and that "[t]he entire context of an article may be considered in determining whether a statement is one of fact or opinion." J.A. 108.

Locating the line separating constitutionally protected speech from actionable defamation can be difficult and requires consideration of the nature of the language used and the context and general tenor of the article to determine whether the statement can reasonably be viewed as an assertion of actual fact. See Biospherics, Inc. v. Forbes, Inc., 151 F.3d 180, 183-84 (4th Cir. 1998). Given the nature of the statements at issue and the factual context surrounding the gangster references, we do not believe that the district court's abbreviated instructions adequately informed the jury of the relevant legal principles. The instructions sought by the appellants, see J.A. 64-65, were correct statements of the law and would have provided the jury with significant guidance in resolving an issue of constitutional dimension. Under these circumstances, we believe that the district court abused its discretion by rejecting the instructions sought by the appellants. See United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) ("A district court's refusal to provide an instruction requested by a defendant constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the

8

trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." (internal quotation marks omitted)).

(2)

The appellants also contend that the jury instructions were deficient with regard to the public intoxication claims. As discussed above, a factual statement is actionable in defamation if the statement is both false and defamatory. See Jordan, 612 S.E.2d at 206. In this case, the district court instructed the jury that Choi was required to prove that the statements were false, but the court made no mention of the requirement that the statements must also be defamatory. The appellants contend that the omission of this element from the jury instruction constitutes reversible error.[3] We agree.

_____

[3] It is not entirely clear from the limited portions of the trial transcript included in the appendix whether Choi raised this precise objection below. Given the importance of the First Amendment issues implicated when defamation claims are asserted against a media defendant and the effect of this error on the appellants' defense, we would reverse the verdict on the public intoxication claim even if it were being raised for the first time on appeal. See Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved . . . if the error affects substantial rights."); Dixon v. Edwards, 290 F.3d 699, 719 (4th Cir. 2002) (remanding for consideration of issue raised for the first time on appeal "[b]ecause of the compelling importance of preserving First Amendment principles"); cf. Bose Corp. v. Consumers Union of the U.S., Inc., 466 U.S. 485, 499 (1984) ("[I]n cases raising First Amendment issues we have repeatedly held that an appellate court has an obligation to make an independent examination of the (Continued)

9

By omitting an element of the defamation claim, the instructions as given did not "adequately inform[] the jury of the controlling legal principles." Spell, 824 F.2d at 1395. And given the nature of the public intoxication claims, the omission clearly prejudiced the appellants' ability to defend against the defamation claims. See id. A defamatory statement is one that "tend[s] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Chapin, 993 F.2d at 1092 (internal quotation marks omitted). The public intoxication claims involve allegations that Choi got drunk and behaved less than admirably while attending a Federation convention away from home. While that kind of behavior is certainly embarrassing, it is commonplace enough that a properly instructed jury might well have determined that the statements did not lower Choi in the estimation of the community and thus were not defamatory.

---

whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression." (internal quotation marks omitted)).

III.

Because the jury instructions were flawed with regard to the gangster claims and the public intoxication claims, the jury's verdict cannot be sustained. Accordingly, we hereby vacate the jury verdict and remand for a new trial on those claims.[4]

VACATED AND REMANDED

---

[4] Because we conclude that the errors in the jury instructions require us to remand for a new trial, we need not consider the appellants' claim that the district court erred by excluding evidence that Choi threatened two witnesses during trial. Should the appellants seek to introduce that evidence on remand, the district court is free to consider the relevance and admissibility issues de novo.