## CIRCUIT COURT OF FAIRFAX COUNTY

Andaleeb Geloo

 v.

John Doe

June 23, 2014

Case No. 2013-9646

By Judge Robert J. Smith

This matter comes before the Court on Defendants' motion to quash a subpoena *duces tecum* that had been issued pursuant to Va. Code § 8.01-407.1.

*Background*

This defamation action arises from written comments made by several anonymous individuals on the website fairfaxunderground.com. Fairfaxunderground.com is a social networking message board where users, mostly anonymous, post comments about a broad range of topics.

On or about January 12, 2013, at 4:19 p.m., John Doe ("Defendants") using the username "There are Other Places to Advertise," allegedly posted — in in all capital letters — (hereinafter "Statement 1,") "ANDY — THERE ARE OTHER PLACES TO ADVERTISE. YOU ARE A RUN OF THE MILL COURT APPOINTED ATTORNEY WHO LOOKS FOR DIFFERENT WAYS TO GET RETAINED CASES. EITHER YU POSTED THIS ON [sic] YOU PUT SOMEONE UP TO IT[.] I HAVE NEVER SEEN YOU ACTUALLY TRY A CASE." On or about January 12, 2013, at 4:21 p.m., a Defendant using the username "FICTION," allegedly posted (hereinafter "Statement 2,") "WHO really knows if this is an actual scenario ?????? I WAS GOING 200 mph and I won. Joe Blow represented me! Please. Andy please spare us this nonsense — we in Fairfax know better." On or about January 13, 2013, at 4:16 a.m., Defendant using the username "fur" allegedly posted (hereinafter "Statement 3,") "Andi Geloo equals FAT PAKI." On or about January 13, 2013, at 4:19 a.m., Defendant

using the username "skskk," allegedly posted (hereinafter "Statement 4,") "http://www.geloolaw.com/ wow so impressive."

Andaleeb Geloo filed her complaint on June 4, 2013. Since the filing of this complaint, Plaintiff has issued several subpoenas *duces tecum* to Time Warner Cable, Verizon, and Cox Communications ("Cox"). At issue in this letter is the subpoena *duces tecum* issued to Cox.

On December 3, 2013, Plaintiff issued a subpoena *duces tecum* to Cox seeking account holder information for specified IP addresses. Defendants, by special appearance of counsel, filed a motion to quash this subpoena. On March 14, 2014, Defendants' motion to quash was granted, and the Court ordered that service of the subpoena strictly comply with Va. Code § 8.01-301.

> § 8.01-301. *How process served on foreign corporations generally* — Subject to § 8.01-286.1, service of process on a foreign corporation may be effected in the following manner:
>
> 1. By personal service on any officer, director, or on the registered agent of a foreign corporation which is authorized to do business in the Commonwealth, and by personal service on any agent of a foreign corporation transacting business in the Commonwealth without such authorization, wherever any such officer, director, or agents be found within the Commonwealth;
>
> 2. By substituted service on a foreign corporation in accordance with §§ 13.1-766 and 13.1-928, if such corporation is authorized to transact business or affairs within the Commonwealth;
>
> 3. By substituted service on a foreign corporation in accordance with § 8.01-329 or by service in accordance with § 8.01-320, where jurisdiction is authorized under § 8.01-328.1, regardless of whether such foreign corporation is authorized to transact business within the Commonwealth; or
>
> 4. By order of publication in accordance with §§ 8.01-316 and 8.01-317 where jurisdiction in rem or quasi in rem is authorized, regardless of whether the foreign corporation so served is authorized to transact business within the Commonwealth.

Plaintiff issued another subpoena on Cox and the Defendants filed another motion to quash by special appearance of counsel. On May 30, 2014, the Court heard oral argument on this issue and took this matter under advisement.

*Standard of Review*

The Virginia Court of Appeals articulated the following six part test that a Plaintiff must show a circuit court in order to uncover the identity of an anonymous Internet speaker:

> [A] plaintiff seeking to uncover the identity of an anonymous Internet speaker in the Commonwealth must show a circuit court that (1) he has given notice of the subpoena to the anonymous communicator via the Internet service provider; (2)(a) communications made by the anonymous communicator are or may be tortious or illegal or (b) the plaintiff "has a legitimate, good faith basis to contend that such party is the victim of conduct actionable in the jurisdiction where the suit is filed," Code § 8.01-407.1(A)(1)(a); (3) other "reasonable efforts to identify the anonymous communicator have proven fruitless," Code § 8.01-407.1(A)(1)(b); (4) the identity of the anonymous communicator is important, is centrally needed to advance the claim, is related to the claim or defense, or is directly relevant to the claim or defense; (5) no motion challenging the viability of the lawsuit is pending; and (6) the entity to whom the subpoena is addressed likely has responsive information. Code § 8.01-407.1(A)(1)(a)-(e) and (3).

*Yelp, Inc. v. Hadeed Carpet Cleaning, Inc.*, 62 Va. App. 678, 699-700, 752 S.E.2d 554 (2014).

*Analysis*

At issue in this case is whether the Plaintiff has complied with the second prong of *Yelp*, specifically, subpart 2(b).

> The second prong consists of two, distinct subparts. Under the first subpart, the plaintiff must show that the communications are or may be tortious. If there is direct evidence demonstrating that the communications are tortious, and the plaintiff provides that evidence to the circuit court, then there is no need to analyze the second subpart of this prong. The second subpart, which is explicitly separated from the first subpart by the conjunction "or," requires the plaintiff to show that he has "legitimate, good faith basis" for his belief that the conduct is tortious. Thus, the plaintiff can either show that the communications are or may be tortious or show that he has a "legitimate, good faith basis" for his belief that the communications are tortious.

*Id.* at 700. In addressing the second prong, the Court must balance the Defendants' constitutional right to speak anonymously over the Internet against the Plaintiff's right to protect her reputation. *See id.* at 703. First, the Court will turn to the issue of whether the Plaintiff fulfilled subpart one of prong two of the *Yelp* test.

A. *Subpart One*

Subpart one requires the Court to look at whether there is direct evidence demonstrating that the communications are tortious or illegal. Defamation is a type of tort, as defined by the Restatement 2d of Torts, § 568, and requires "(1) publication of (2) an actionable statement with (3) the requisite intent." *Jordan v. Kollman*, 269 Va. 569, 575, 612 S.E.2d 203 (2005).

Part two of the defamation test requires an actionable statement. "To be actionable, the statement must be both false and defamatory." *Id.* "[S]tatements of opinion are generally not actionable because such statements cannot be objectively characterized as true or false .... " *Id.* at 575-76. Whether a statement is one of fact or opinion is a question of law for the court to decide. *Id.* at 576 (*citing Chaves v. Johnson*, 230 Va. 112, 119, 335 S.E.2d 97 (1985)). To determine whether an alleged defamatory statement is one of fact or opinion, a court should not "isolate one portion of the statement at issue from another portion of that statement." *Raytheon Technical Servs. Co. v. Hyland*, 273 Va. 292, 303, 641 S.E.2d 84 (2007). "Statements that are relative in nature and depend largely upon the speaker's viewpoint are expressions of opinion." *Fuste v. Riverside Healthcare Ass'n.*, 265 Va. 127, 132, 575 S.E.2d 858 (2003).

Part three of the defamation test requires the requisite intent. The requisite level of intent depends on whether the Plaintiff is a public figure or private figure. *Jackson v. Hartig*, 274 Va. 219, 228, 645 S.E.2d 303 (2007).

> [T]he [private figure] plaintiff may recover upon proof by a preponderance of the evidence that the publication was false, and that the defendant either knew it to be false, or believing it to be true, lacked reasonable grounds for such belief, or acted negligently in failing to ascertain the facts on which the publication was based.

*Gazette, Inc. v. Harris*, 229 Va. 1, 15, 325 S.E.2d 713 (1985). "Speech that does not contain a provably false factual connotation is sometimes referred to as 'pure expressions of opinion' and cannot normally form the basis of an action for defamation." *WJLA-TV v. Levin*, 264 Va. 140, 156, 564 S.E.2d 383 (2002). All statements of opinion, however, are not categorically excluded as a common law basis for defamation. *See id.* (*citing Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-21, 110 S. Ct. 2695, 111 L. Ed. 2d 1

(1990) (stating that "simply couching such statements in terms of opinion does not dispel these implications").

Rhetorical hyperbole is not defamatory. *See Cashion v. Smith*, 286 Va. 327, 339, 749 S.E.2d 526 (2013). "Statements characterized as rhetorical hyperbole are those from which 'no reasonable inference could be drawn that the individual identified in the statements, as a matter of fact, engaged in the conduct described'." *See id.* (*citing Yeagle v. Collegiate Times*, 255 Va. 293, 295-96, 497 S.E.2d 136 (1998)). Whether a statement constitutes rhetorical hyperbole is a question of law for the court to determine. *Id.* at 340.

In this case, the Court must analyze whether the statements meet the definition of defamation in order to determine whether the statements are tortious as found in the first subpart of *Yelp*. First, the Court must determine whether the statements were published. The statements contained in the Cox subpoena were published on fairfaxunderground.com. Next, the Court must determine whether the published statements are actionable statements. Since this issue is a question of law for the Court to determine, the Court will take each statement in turn and will determine whether each statement is actionable.

Statement 1, taken as a whole, is the Defendants' opinion of the Plaintiff. This statement depends on the Defendants' viewpoint and is not provably true or false. One portion of Statement 1 ("EITHER YU [sic] POSTED THIS ON [sic] YOU PUT SOMEONE UP TO IT") could possibly be construed to be provably true or false. However, even if the Court parsed out these statements from the statement as a whole, these statements are rhetorical hyperbole. No reasonable inference could possibly be drawn that the Plaintiff herself posted or started a thread on fairfaxunderground.com entitled "Andi Geloo — Bullshit Artist." Statement 2 is rhetorical hyperbole. This statement is one where no reasonable inference can be made that the Plaintiff, as a matter of fact, engaged in the conduct described. Statements 3 and 4 are both statements of opinion. Both statements clearly depend on the Defendants' viewpoint.

Since all of the statements contained in the subpoena are either statements of opinion or rhetorical hyperbole, the statements are not actionable statements and, therefore, the Court finds that these statements are not defamatory as a matter of law.

In the alternative, Plaintiff argues that Statement 1 constitutes defamation *per se*.

> At common law defamatory words which are actionable *per se* are: (1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society. (3) Those which impute to a person

unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment. (4) Those which prejudice such person in his or her profession or trade.

*Shupe v. Rose's Stores, Inc.*, 213 Va. 374, 376, 192 S.E.2d 766 (1972) (*citing Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 7, 82 S.E.2d 588 (1954)).

"Every false and unauthorized imputation . . . which imputes to a business or professional man conduct which tends to injure him in his business or profession is . . . actionable." *Id.* at 8. "Hence, words and statements which charge an attorney at law with unethical or unprofessional conduct and which tend to injure or disgrace him in his profession are actionable." *Id.* "In determining whether the words and statements complained of in the instant case are reasonably capable of the meaning ascribed to them by innuendo, every fair inference that may be drawn from the pleadings must be resolved in the plaintiff's favor." *Id.* However, innuendo cannot "extend the meaning of words used, or make that certain which is in fact uncertain." *Id.*

Since the statement at issue does not involve a criminal offense involving moral turpitude or a contagious disease, the Court is left to consider whether Statement 1 imputes to Plaintiff her unfitness to perform the duties of her employment as an attorney or whether Statement 1 prejudices Plaintiff in her profession or trade.

The Court will first turn to the question of whether Statement 1 imputes to the Plaintiff her unfitness to perform the duties of her employment as an attorney. Plaintiff argues that, when the reader looks at the allegation as a whole, it is an accusation that the Plaintiff is falsely advertising her practice. If the Defendant expressly accused the Plaintiff of falsely advertising her practice and also accused the Plaintiff of violating her ethical responsibilities to the State Bar of Virginia, this statement would, in fact, be defamation *per se* because such a situation would be similar to the situation found in *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 3, 82 S.E.2d 588 (1954). The present matter is, however, distinguishable from *Carwile*.

*Carwile* involved a case where an attorney accused the Richmond City Police Department, in part, with corruption. When the grand jury failed to return an indictment, the Defendant published on the front page of its newspaper a follow up statement from the police force. The newspaper stated that the officials evaded an answer as to whether they would be taking action with the Virginia State Bar for the Plaintiff's false accusation against the police. The newspaper further reported that the Safety Director, however, directly stated that no action with the Virginia State Bar would be taken against the Plaintiff at the time. The paper, directly below this statement, stated that the State Bar might request a court to disbar an attorney for an ethical code violation. The Court stated that "it is a reasonable implication of this language, read in connection with the whole article, that the Plaintiff

is guilty of unethical and unprofessional conduct for his charges made against the Police Department." *Id.* at 9.

An additional case, which is not binding but is instructive in determining whether Statement 1 is defamation *per se* is *Cretella v. Kuzminski*, 2008 U.S. Dist. LEXIS 42152 (E.D. Va. May 29, 2008). This case involved a statement, among others, that "[Plaintiff] seems to be involved in what I would characterize as extortion" and that Plaintiff is "furthering [his client's] unethical[,] if not illegal[,] methods," which led Defendant to "fully intend to report Plaintiff to the Maryland State Bar Association." *Id.* at *2. The Court stated, "[a]ccording to *Carwile*, criticizing an attorney's conduct, coupled with a discussion of the availability of disciplinary sanctions, can reasonably be interpreted as implying that the attorney acted unethically or unprofessionally." *Id.* at *22.

In the present matter, Statement 1 read in connection with the whole thread of posts does not explicitly suggest nor does it impliedly suggest that the Plaintiff is guilty of unethical or unprofessional conduct, such as false advertising. The Court cannot infer that this nonsensical statement, within a thread entitled "Andi Geloo — Bullshit Artist," accused the Plaintiff of falsely advertising her practice absent a suggestion that someone should — or could — file a Bar complaint against her for these actions. Statement 1, therefore, fails to meet the requirements of part three of the defamation *per se* test.

Part four of the defamation *per se* test requires a statement that prejudices such person in his or her profession or trade. "[T]he words must contain an imputation that is 'necessarily hurtful' in its effect upon plaintiff's business and must affect him in his particular trade or occupation." *Fleming v. Moore*, 221 Va. 884, 889-90, 275 S.E.2d 632 (1981). "There must be a nexus between the content of the defamatory statement and the skills or character required to carry out the particular occupation of the plaintiff." *Id.* As stated earlier, Statement 1 read in connection with the whole thread fails to contain an implication based in reason that is necessarily harmful to Plaintiff as an attorney because of its nonsensical nature.

Thus, the statements contained in the subpoena are not defamatory statements and are not defamation *per se*. As such, the statements fail to meet the requirements of subpart one of prong two of the *Yelp* test because there is no direct evidence demonstrating that the communications are tortious or illegal.

B. *Subpart Two*

The second subpart of this analysis requires the Plaintiff to demonstrate that she has a "legitimate, good faith basis to contend that such party is the victim of conduct actionable in the jurisdiction where the suit is filed." *Yelp, Inc. v. Hadeed Carpet Cleaning, Inc.*, 62 Va. App. 678, 699-700, 752 S.E.2d 554 (2014). The Court must determine whether the Plaintiff had a

legitimate, good faith basis to contend the she is the victim of actionable conduct.

Virginia Code § 8.01-271.1 sets forth the following standard for pleadings filed in Court:

> The signature of an attorney or party constitutes a certificate by him that . . . (ii) to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . . .

Thus, it would appear that all signed complaints have a good faith argument, or basis, that the Plaintiff is the victim of conduct actionable in the jurisdiction where the suit is filed. Therefore, simply by signing a complaint Plaintiff would satisfy the second subpart of *Yelp*. If this were the case, all signed pleadings would always override First Amendment considerations because the signed pleadings would meet the requirements of the second subpart of *Yelp*. This Court is unwilling to allow such a casual disregard of a fundamental right. Further analysis of the second subpart, therefore, is necessary to safeguard the First Amendment.

The Defendants argued that the Plaintiff must demonstrate something more to show that she has a legitimate, good faith basis to contend that she is the victim of conduct actionable in this jurisdiction. Defendants argue that she must comply with Virginia Code § 8.01-407.1, which deals with the identity of persons communicating anonymously over the Internet. The statute says in pertinent part:

> A. In civil proceedings where it is alleged that an anonymous individual has engaged in Internet communications that are tortious, any subpoena seeking information held by a nongovernmental person or entity that would identify the tortfeasor shall be governed by the following procedure unless more expedited scheduling directions have been ordered by the court upon consideration of the interests of each person affected thereby:
>
> 1. At least thirty days prior to the date on which disclosure is sought, a party seeking information identifying an anonymous communicator shall file with the appropriate circuit court a complete copy of the subpoena and all items annexed or incorporated therein, *along with supporting material showing*:
>
> a. That one or more communications that are or may be tortious or illegal have been made by the anonymous communicator, or that the party requesting the subpoena has a legitimate, good faith basis to contend that such party is the

victim of conduct actionable in the jurisdiction where the suit was filed. A copy of the communications that are the subject of the action or subpoena shall be submitted.

b. That other reasonable efforts to identify the anonymous communicator have proven fruitless.

c. That the identity of the anonymous communicator is important, is centrally needed to advance the claim, relates to a core claim or defense, or is directly and materially relevant to that claim or defense.

d. That no motion to dismiss, motion for judgment on the pleadings, or judgment as a matter of law, demurrer or summary judgment-type motion challenging the viability of the lawsuit of the underlying plaintiff is pending. The pendency of such a motion may be considered by the court in determining whether to enforce, suspend, or strike the proposed disclosure obligation under the subpoena.

e. That the individuals or entities to whom the subpoena is addressed are likely to have responsive information.

f. If the subpoena sought relates to an action pending in another jurisdiction, the application shall contain a copy of the pleadings in such action, along with the mandate, writ, or commission of the court where the action is pending that authorizes the discovery of the information sought in the Commonwealth.

Va. Code § 8.01-407.1 (emphasis added). The Defendants argue that in order to comply with the above-cited statute, the Plaintiff must submit supporting material showing the information listed in (a)-(f). The Defendants argue that the Plaintiff has failed to submit the supporting material necessary in order for the Court to pierce the veil of the anonymity of speakers.

The Defendants next distinguish *Yelp* from the present case. *See Yelp, Inc. v. Hadeed Carpet Cleaning, Inc.*, 62 Va. App. 678, 686, 752 S.E.2d 554 (2014). In *Yelp*, users that post reviews of businesses are required to agree to terms of service, which specify that the user must be a customer of a business before he or she is permitted to post a review. *See id.* In order to demonstrate their good faith basis, the Defendant in *Yelp* attached evidence to its subpoena *duces tecum* "that it made an independent investigation of its customer database in an attempt to match all of the *Yelp* reviews with its customers. Further, plaintiff attached screenshots of the specific reviews that it alleged were defamatory." *Id.* at 706, n. 7. This evidence was "sufficient to show that the reviews are or may be defamatory, if not written

by actual customers of plaintiff. Moreover, plaintiff sought the subpoena *duces tecum* under the legitimate, good faith belief that the Doe defendants were not former customers, and, therefore, their reviews were defamatory." *Id.* at 706.

The Court agrees that the present matter can be distinguished from *Yelp*. First, in *Yelp*, it is assumed that all reviews posted on its website are true facts about the people and businesses reviewed because the user, before posting the review, agreed to terms of service verifying the truthfulness of their review. In the present matter this is not the case.

Fairfaxunderground.com clearly states on its homepage that users may post comments about Northern Virginia and "[a]nything and everything that's not related to Northern Virginia." Fairfaxunderground, http://www.fairfaxunderground.com/forum/ (last visited June 17, 2014). The present matter, therefore, does not involve an assumption of fact nor does it involve a false statement of fact because no user expressly agreed that his or her posts would be purely fact based. Without this assumption, whether a statement is one of fact or opinion is a question of law for the court to decide. *See Chaves v. Johnson*, 230 Va. 112, 119, 335 S.E.2d 97 (1985). Since this Court has found above that the statements contained in the subpoena are that of opinion (or, in the alternative, rhetorical hyperbole), these opinions should be entitled to First Amendment protection and the identities of these persons should not be revealed by a subpoena *duces tecum*. *See Yelp*, 62 Va. App. at 704.

Secondly, the Court finds that the Plaintiff did not submit sufficient evidence to show that the statements contained in the subpoena *duces tecum* were defamatory, as required by Virginia Code § 8.01-407.1 and as seen in *Yelp*. Unlike *Yelp*, evidence, such as screenshots of the specific statements, were not attached to the subpoena *duces tecum*. As the dissent states in *Yelp*, "critical commentary . . . not even claimed to be false in substance, should not be permitted to force the disclosure of the identity of anonymous commentators simply by alleg[ations]." *See id.* at 711. The Court agrees with this statement.

The Plaintiff has not demonstrated that she has a legitimate, good faith basis to contend that she is the victim of conduct actionable in this jurisdiction. The subpoena *duces tecum* fails to meet the requirements of subpart two of prong two of the *Yelp* test.

## Conclusion

The Plaintiff failed to show the circuit court that statements made on fairfaxunderground.com by the anonymous communicator(s) are or may be tortious and that the Plaintiff has a legitimate, good faith basis to contend that she is the victim of conduct actionable in this jurisdiction. Since the Plaintiff failed to prove prong two of the *Yelp* test, the Plaintiff is not entitled to uncover the identity of the anonymous speakers. The Defendants' motion to quash is granted.